UNITED STATE CIRCUIT COURT OF APPEAL
FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE
Appellant,

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

SEP 22 2026

RECEIVED

v.

Case # 26-5126
LT# 1:25-cv-03186-ACR

U.S. DEPT. OF HOMELAND SEC.
Appellee,
______________________________/

**SUPPLEMENTAL IN SUPPORT FOR APPOINTMENT OF COUNSEL AND CONSIDERATION FOR JUDICIAL INTERVENTION**

COMES NOW Rayon Payne, Appellant, in the above cause appearing Pro Se, files his Supplemental motion for appointment counsel and Consideration for Judicial Intervention, this supplemental is supported with the attached Exhibits (1 – 11) and states the following;

**INTRODUCTION**

1. The above cause is related to Appellant's pending cause in this Court case #25-5355, and Appellant's Immigration Removal in the Southern District of Florida, and the entire Immigration Records which Appellant is seeking which Appellee has concealed from him during the Removal proceedings. The parties are also involved in two pending action in the Southern District of Florida; *Payne v. Dept. Homeland Sec*. Case #26-cv-23021 (Habeas

Petition), and *Payne v. Dept. Homeland Sec*. Case #26-cv-24567 (8 U.S.C 1447(b) / 8 U.S.C 1421(c) Complaint).

## STATEMENT OF FACTS

### A. Early Judicial and Immigration Proceedings (2003 to 2005)

1. On January 12, 2004, See **Exhibit (1).** Appellant was ordered deported based on the charges listed in the July 30, 2003, NTA, See **Exhibit (2),** based on two Florida state convictions in case #1999-CF-7826 and case #2001-CF-6009. The Appellant filed an appeal and the BIA dismissed it on May 5, 2004. See **Exhibit (3).**
2. On April 29, 2004, the Florida court granted Appellant post conviction motion, and on April 4, 2005, the State filed a Nolle Prosequi, in case # 2001-CF-6009.
3. On February 3, 2005, the Florida court again granted Appellant post conviction motion, See **Exhibit (4)**. In case #1999-CF-7826.
4. On May 6, 2005, the Board of Immigration Appeal (BIA) granted Appellant's motion to reopen, and remanded the case back to the Immigration Judge for further proceedings, See **Exhibit (5).** The case was assigned the Bradenton Immigration Court. The Appellant had two proceedings before Immigration Judge Kevin Mchugh at the Bradenton Immigration Court in 2005, (a) Bond Proceedings, and (b) Removal

proceedings. During which time Appellant was being held in the Orange County Jail from 2004 to 2005 on **NO BOND** Immigration hold, due to the prior Immigration deportation order.

5. The Appellant was release from the Orange County Jail on July 12, 2005, to Home Confinement and the Immigration Court terminated the Bond proceedings on the same day. See **Exhibit (6).** And on August 12, 2005, Appellant re-entered his plea in case #1999-CF-7826, to two misdemeanors Florida Stat. 777.04, 817.60(6)(a), on August 12, 2005. See **Exhibit (7),** and Immigration Judge Kevin Mchugh terminated Removal proceedings on or about August 24, 2005.
6. Last in or about June 2006, the Bradenton Immigration Court was closed and part the Judicial records was transferred to Orlando, Fl and Miami, Fl.

**B. Judicial and Immigration Proceedings (2023 to Present)**

7. On or about April 16, 2023, Appellant filed his form N-400, application for naturalization and on November 7, 2023, Appellant appear from his first interview and was told he pasted the citizenship test but there was an issue, and that was that the system show that he had voted. Appellant to the interviewing officer that he never voted and wasn't aware of any voting because he never voted. Appellant want told to obtain information showing that he never voted which Appellant provided. On December 4, 2023,

USCIS denied the N-400, citing the sole reason Appellant vacated felony convictions. See **Exhibit (4).**

8. On January 5, 2024, Appellant filed a N-336, requesting a for a decision in the naturalization proceedings with USCIS, the agency closed the N-336 without ruling and retained Appellant filing fee, and reopened the closed N-400. On February 20, 2025, USCIS interviewed with Appellant regarding the closed N-400, and took no action.
9. On or about September 2025, Appellant filed his 8 USC. 1447(b) with the D.C. District Court, See *Payne v. USCIS*, Case #1:25-cv-01952-ACR and case #25-5355, with this court.
10. The Appellant also filed a FOIA lawsuit which the subject of the current appeal See *Payne v. U.S. Dept. Homeland Sec*. Case#1:25-cv-03186-ACR.
11. On March 4, 2026, Appellant was arrested by Appellee and placed into removal proceedings, based on his August 12, 2005, plea and August 9, 2005, a false claim to United State citizenship. See **Exhibit (8),**
12. On or about May 2026, Appellant filed a Habeas petition with the District court in the Southern District of Florida. *Payne v. Dept. Homeland Sec*. Case #26-cv-23021 (Habeas Petition), and *Payne v. Dept. Homeland Sec*. Case #26-cv-24567 (8 U.S.C 1447(b) / 8 U.S.C 1421(c) Complaint), where first

time Appellee disclosed that they denied Appellant reopened N-400. See **Exhibit (9)**.

13. On July 16, 2026, the Immigration Court entered an order of Removal, See **Exhibit (10).** The Appellee has used the Appellant immigration to prosecuting Removal proceeding while barring him from having access to the same records. The Appellant has filed an appeal to the BIA,

14. Last on August 17, 2026, Appellant filed a motion with the Immigration Court to preserve the court record Constitutional Violations for appeal and Federal Court review. The Immigration Court rejected the filing stating that Appellant needs to submit a FOIA request for his Immigration file. See **Exhibit (11).**

## ARGUMENT

15. The Fifth Amendment ensures no individual is "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The issues in the present cause is directly related to ruling by the District Court's ruling which barred Appellant from obtaining his Immigration record in the FOIA case in this Circuit. See *Mathews v. Eldridge* balancing test: first identifying the liberty interest at stake, then considering the risk of erroneous deprivation under existing procedures, and finally weighing the government's interest against the burdens any additional process would

entail. *See* 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Lepelletier v. Fed. Deposit Ins. Corp.*, 164 F.3d 37, 45-46, 334 U.S. App. D.C. 37 (D.C. Cir. 1999).

16. The action by the District Court in the present case is directly related to *Payne v. USCIS*, Case #1:25-cv-01952-ACR and case #25-5355 in this Court, and directly related to Appellant current Removal proceedings in the Southern District of Florida. And in *Payne v. Dept. Homeland Sec*. Case #26-cv-23021 (Habeas Petition), and *Payne v. Dept. Homeland Sec*. Case #26-cv-24567 (8 U.S.C 1447(b) / 8 U.S.C 1421(c) Complaint). Because the rulings embolden Appellee to used administrative work around to violate Appellant's constitutional rights while refusing to give him access to his Immigration records.

17. The Appellant was taken into custody and placed into a second Removal proceedings under 8 U.S.C.S. 1252(g) "*no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien.*" And Section 1226(c), entitled "*Detention of criminal aliens," additionally authorizes the Secretary, "when [an alien charged with a listed crime] is released," to "take [that alien] into custody*."

18. The current Removal proceedings are barred by Res Judicata doctrine because of the proceeding which was terminated in August 2005. Res Judicata prevents the re-litigation of any *claim* that was or that might have been brought in a prior action resolved on its merits, while collateral estoppel prevents the re-litigation of any *issue* that was raised and decided in a prior action. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-28, 331, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979) (mutuality not required for "offensive" collateral estoppel); *Blonder-Tongue Labs. v. University of Illinois Foundation*, 402 U.S. 313, 320-27, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971) (mutuality not required for "defensive" collateral estoppel).

19. The Administrative shield of 8 U.S.C.S. 1252(g), has permitted Appellee to prosecute Removal proceedings, while refusing under FOIA to provide the Appellant access to his Immigration file showing that the proceedings where terminated in August 2005, and the government are barred in bring the current proceedings.

20. The Appellee (Dept. of Homeland Sec.) is tasked with maintaining Immigration records for all noncitizen within the United States and adjudicating Immigration benefits. The employees and agents of Appellee's took an oath to upload the constitution of the United States but rather has engaged in a cross District, inter Agencies, to violate Appellant's

constitution rights. See *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005), *Bd. of Regents v. Roth*, 408 U.S. 564, 572, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *see also Washington v. Glucksberg*, 521 U.S. 702, 719, 117 S. Ct. 2258, 117 S. Ct. 2302, 138 L. Ed. 2d 772 (1997).

WHEREFORE FOR Appellant ask that this Court consider the issues herein not in isolation but rather Appellee withholding of the Appellant's Immigration file under FOIA, and prosecuting Removal proceedings which are barred by Res Judicata doctrine. Base on the expressed herein Appellant has a great likelihood of success and constitutional implications Judicial Intervention is warranted.

Date: 9/8/2026

Respectfully,

Rayon Payne #041-189-506
Krome SPC
18201 SW 12th St
Miami Fl 33194

## NOTICE TO COURT

The Appellant is currently being detain by Appellee at the Krome Detention Center, Appellant do not have access to this Court Local Rules, and ask that the Court take into account my situation and limitation and restriction Appellee has placed on me.

## NOTICE TO CLERK

The Appellant is currently detained at and don't have the Appellee attorneys information to formally served them, I kindly ask that the Clerk of this court served the Appellee with this motion.

Date: 9/8/2026

Respectfully,

Rayon Payne #041-189-506
Krome SPC
18201 SW 12th St
Miami Fl 33194

# EXHIBIT (1)

USCA Case #26-5126 Document #2194755 Filed: 09/22/2026 Page 11 of 124

Immigration and Naturalization Service

# Notice to Appear

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A041 189 506
Case No: ORL0307000266

In the Matter of:

Respondent: Rayon Sherwin PAYNE AKA: PAYNE, RAYON SULRWIN; PAYNE, JUNIOR currently residing at:

DOC# 538941 C/O GULF C.I. 500 IKE STEELE RD.
WEWAHITCHKA FLORIDA 32465
(Number, street, city state and ZIP code)

(850)639-1207
(Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
TO BE SET
(Complete Address of Immigration Court, Including Room Number, if any)

on a date to be set (Date) at a time to be set (Time) to show why you should not be removed from the United States based on the charge(s) set forth above.

RICHARD T. MC GAHEY
OFFICER IN CHARGE
(Signature and Title of Issuing Officer)

Date: July 30, 2003

Orlando, FL
(City and State)

See reverse for important information

Form I-862 (Rev. 3/22/99)N

EOIR – 3 of 15

Exh. 2 - Adm.

| Alien's Name | File Number | Date |
| --- | --- | --- |
| Rayon Sherwin PAYNE | Case No: ORL0302000266 A041 189 506 | July 30, 2003 |

**The Service alleges that you:**

1) You are not a citizen or national of the United States.

2) You are a native of Guyana and a citizen of Guyana.

3) You were admitted to the United States at New York, NY on or about August 27, 1986 as an immigrant.

4) You were, on March 9, 2000, convicted in the Circuit Court in and for Orange County, FL for the offenses of Possession of Stolen or Otherwise Counterfeit Credit Card, and Scheme to Defraud, in violation of Florida statutes 817.60(6)(A), and 817.034(4)(A)(3), for which the sentence imposed was $10,659.42 restitution and 5 years incarceration (case# CR-O-99-7826/A).

5) You were, on August 27, 2002, convicted in the Circuit Court in and for Orange County, FL for the offense of Sexual Battery (Physically Helpless), in violation of Florida statute 794.011(4)(A), for which the sentence imposed was 120.15 months incarceration (case# 48-01-CF-6009-O/A).

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act, a law relating to an offense that (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or (ii) is described in The Internal Revenue Code of 1986, Section 7201 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in

| Signature | Title |
| --- | --- |
| RICHARD T. MC GAHEY | OFFICER IN CHARGE |



EOIR – 5 of 1

Form I-831 Continuation Page (Rev. 6/12/92)

Exh. 2 - Adm.

| Alien's Name | File Number | Date |
|---|---|---|
| Rayon Sherwin PAYNE | Case No: ORL0310000266<br>A041 189 506 | July 30, 2003 |

that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

| Signature | Title |
|---|---|
| RICHARD T. MC GAHEY | OFFICER IN CHARGE |



EOIR – 6 of 15

Form I-831 Continuation Page (Rev. 6/12/92)

Exh. 2 - Adm.

# EXHIBIT (2)

IMMIGRATION COURT
155 SOUTH MIAMI AVE., ROOM 800
MIAMI, FL 33130

In the Matter of

*S-PAYNE, RAYON SHERWIN
Respondent

Case No.: [redacted]-506

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on JAN 12, 2004
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[✓] The respondent was ordered removed from the United States to GUYANA or in the alternative to

[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to alternative to

[ ] Respondent's application for voluntary departure was granted until upon posting a bond in the amount of $ ________ with an alternate order of removal to

[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal under section 240A(a) was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted under section 240A(b)(1) ( ) granted under section 240A(b)(2) ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's application for a waiver under section ______ of the INA was ( )granted ( )denied ( )withdrawn or ( )other.

[ ] Respondent's application for adjustment of status under section ________ of the INA was ( )granted ( )denied ( )withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a ______ until ________.

[ ] As a condition of admission, respondent is to post a $ ______ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper notice.

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: ________________________________

Date: 1-12-04

Appeal: ~~Waived~~ (Reserved) Appeal Due By: 2-11-04

Kevin G. Bradley
KEVIN G. BRADLEY
Immigration Judge

RP

# EXHIBIT (3)

EOIR 1191186

**U.S. Department of Justice**
**Executive Office for Immigration Review**

**Decision of the Board of Immigration Appeals**

**Falls Church, Virginia 22041**

---

File: [redacted]-506 - MIAMI

Date: MAY 0 5 2004

In re: *S-PAYNE, RAYON SHERWIN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: [redacted]

ORDER:

PER CURIAM. We adopt and affirm the decision of the Immigration Judge. See Matter of Burbano, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision").

The respondent has filed post-conviction motions in attempts to vacate both criminal convictions listed in the Notice to Appear (Form I-862). However, the availability of post-conviction motions or other forms of collateral attack does not affect the finality of a criminal conviction for immigration purposes, unless and until the conviction has been overturned pursuant to such motion. Matter of Onyido, 22 I&N Dec. 552, 555 (BIA 1999).

Accordingly, the appeal is dismissed.

[redacted]

FOR THE BOARD

# EXHIBIT (4)

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO. 1999-CF-7826
DIVISION 15

STATE OF FLORIDA,
Plaintiff,

vs.

RAYON SHERWIN PAYNE,
Defendant.
_____________________________/

Docketed By:
CATALINA RESTREPO

FILED IN OFFICE
2005 FEB -3 PM 3:35
LYDIA GARDNER
CLERK CIRCUIT COURT
ORANGE CO. FL

ORDER GRANTING MOTION FOR POSTCONVICTION RELIEF

This matter originally came before the Court for consideration of Defendant Rayon Sherwin Payne's Motion for Postconviction Relief / Newly Discovered Evidence, filed May 11, 2004, pursuant to Rule 3.850, Florida Rules of Criminal Procedure. After reviewing the Motion, file, and record, this Court, through a predecessor judge, concluded that summary denial without hearing was warranted. Defendant appealed the Court's denial to the Fifth District Court of Appeal and that decision was reversed and remanded with directions to hold an evidentiary hearing on Defendant's motion. The Court, after hearing argument of counsel, considering the testimony and evidence presented at the hearing held on January 27, 2005, and having reviewed the file and law provided to the Court in this matter, makes the following findings of fact and conclusions of law.

Procedural History

Defendant was charged with five counts of possession of a stolen or otherwise counterfeit credit card; two counts of fraudulent use of a credit card to obtain more than $100 in value; one count of grand theft third degree of $10,000 or more; two counts of grand theft third degree; one count of petit theft; and one count of scheme to defraud.

On March 9, 2000, the Defendant pled nolo contendere to one count of possession of stolen or otherwise counterfeit credit card and the one count of scheme to defraud, and the State entered a nolle prosequi as to the remaining charges. He was sentenced to 1day time served in the Orange County Jail followed by two consecutive terms of 5 years of probation. He did not

appeal.

In May 2001, Defendant was charged with a new offense in Case No. 01-6009. Based thereon, he was also charged with violating probation in Case No. 99-7826. Defendant was found guilty, after trial, his probation was revoked, and he was sentenced to consecutive five year terms in prison for violation of probation and concurrent term of 120.15 months incarceration followed by 10 years probation for the new offense.

Defendant filed a Motion to Withdraw Plea, pursuant to Rule 3.170, Florida Rules of Criminal Procedure, which was denied September 27, 2002. He also appealed the post-judgment order revoking probation. The Fifth District Court of Appeal per curiam affirmed the judgment and sentence; *Payne v. State*, 847 So.2d 486 (Fla. 5th DCA 2003).

On January 8, 2003, through collateral counsel, Defendant filed a Motion to Vacate and Set Aside Judgment and Sentence, alleging the plea was involuntary because neither the Court nor the prosecutor nor defense counsel advised him of the possibility of deportation. On December 9, 2003, the Court denied relief, finding that Defendant failed to establish that INS had instituted deportation proceedings and further finding that Defendant would be subject to deportation regardless of his plea in the instant case due to his conviction for sexual battery in Case No. 01-6009. The Fifth District Court of Appeal affirmed; *Payne v. State*, 869 So. 2d 633 (Fla. 5th DCA 2003).

After mandate issued from the Fifth District Court of Appeal, an INS judge entered an order of deportation. Then, the Court entered an order in Case No. 01-6009, setting aside Defendant's conviction and granting him a new trial. Based on these changed circumstances, Defendant filed a second Rule 3.850 motion asserting newly discovered evidence. In his new motion, Defendant alleged that the INS deportation order and the order vacating his conviction in Case No. 01-6009 now demonstrated prejudice because he will be deported based on his conviction in Case No. 99-7826, unless he is permitted to withdraw his plea.

On June 18, 2004, the Court denied the motion without prejudice concluding that the motion was not ripe because Defendant would be subsequently retried in Case No. 01-6009, and, if convicted, this conviction could serve as an independent basis for deportation. Defendant appealed that decision to the Fifth District.

On November 19, 2004, the Fifth District reversed the Court and remanded finding that Defendant's motion was facially sufficient in that Defendant established that he did not know the plea might result in deportation, he is threatened with deportation because of the plea, and had he known of the possible consequence, he would not have entered the plea. Furthermore, the Fifth District concluded that Defendant asserted newly discovered evidence based on the fact the his subsequent conviction in Case No. 01-6009 was vacated. Consequently, the Fifth District found that Defendant was entitled to an evidentiary hearing on his motion because the present record did not conclusively show a lack of prejudice. On January 27, 2005, this Court conducted an evidentiary hearing.

Analysis

After receiving the testimony of Defendant's trial attorney and reviewing the transcripts of the plea hearing and colloquy, this Court finds that the Defendant was never advised by his attorney of possible deportation consequences. This Court further finds that the trial judge, contrary to the requirements of Rule 3.172(c)(8), Florida Rules of Criminal Procedure, failed to inform the Defendant, that if the Defendant was not a United State citizen his nolo contendere plea could subject him to deportation.

In *Peart v. State*, 756 So. 2d 42 (Fla. 2000), the Florida Supreme Court addressed the issue of post conviction relief for an alleged violation of Florida Rule of Criminal Procedure 3.172(c)(8) when there is a failure to inform defendants of the possibility of deportation as a consequence of entering pleas of guilty of nolo contendere. First, the Florida Supreme Court held that a defendant has a two year limitation period commencing from the time that the defendant's knowledge of the threat of deportation based on a plea becomes apparent to him or her. The Court further noted that while previously a non-custodial defendant was required to file a Writ of Corum Nobis as the proper pleading, since approximately 1999 both custodial and non-custodial defendants must raise the claim under Florida Rule of Criminal Procedure 3.850. Lastly, in *Peart*, the Court held that the defendant does not need to prove a likely acquittal at trial in order to obtain relief. The defendant is only required to prove that he or she was prejudiced by the lack of inquiry.

Following *Peart*, in *State v. Seraphin*, 818 So. 2d 485 (Fla. 2002), the Supreme Court

held that in seeking postconviction relief, a defendant threatened with deportation must demonstrate that he or she was prejudiced in the process of entering the plea because the trial court failed to provide the information required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure. However, *Seraphin* noted that there is not a *per se* rule permitting a defendant threatened with deportation to withdraw his or her plea anytime a trial court fails to provide that information. Prejudice must be affirmatively demonstrated to require the granting of the motion. Turning to the instant case, the inquiry becomes whether Defendant was prejudiced by the lack of information. The prejudice element focuses on whether the failure to inform Defendant of the possible deportation consequences affected the outcome of the plea process.

In determining whether a reasonable probability exists that a defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial. *Grosvenor v. State*, 874 So.2d 1176, 1181-82 (Fla. 2004). These predictions should be made objectively, without regard for the idiosyncrasies of the particular decisionmaker. *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985).

It is not necessary for the defendant to show that he actually would have prevailed at trial, although the strength of the government's case against the defendant should be considered in evaluating whether the defendant really would have gone to trial if he had received adequate advice from counsel. *Miller v. Champion*, 262 F. 3d 1066, 1069 (10th Cir. 2001). The same analysis is applicable in analyzing whether Defendant really would have gone to trial if he had been properly advised of possible deportation consequences as required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure.

At the evidentiary hearing in this matter, Defendant presented testimony under oath. He noted that at the time he entered his plea in 2000, he was aware that he was not a citizen of the United States. However, he testified that he was not aware of any consequences to entering the plea, the full written and signed plea form notwithstanding, since he did not read the plea form,

and his attorney did not go over or explain any of the provisions contained in the plea form.[1] Lastly, he stated that he would not have gone through with the plea if he had known of the possible deportation consequences or if he had been told of the consequences by his attorney or by the Court. *See Pikwrah v. State*, 829 So.2d 402 (Fla. 2d DCA 2000)[2]. The transcript from the plea hearing and colloquy demonstrates that the Court did not make inquiry regarding the possible consequences of deportation. There is also no record evidence that his trial attorney provided Defendant this information other than what is contained on the written plea form. Furthermore, Defendant's trial attorney testified at the evidentiary hearing that he too failed to discuss with the Defendant of any possible deportation consequences.

Defendant has set forth clear and unequivocal evidence that the plea colloquy conducted by the trial judge did not contain an admonition regarding the potential threat on the immigration status of Defendant and its possible effect by the entrance of the plea. Defendant has also presented evidence, in the form of his testimony, that he would not have entered the plea had he been advised of the consequences by the trial judge for fear of the potential effect it might have on his immigration status. Lastly, on January 12, 2004, Defendant was ordered deported by an INS judge,[3] as a result of, at least in part, the plea entered in this matter.

Keeping in mind the fundamental interest in the finality of guilty pleas, this Court cannot find that Defendant was not prejudiced by the failure to inform him of possible deportation consequences as required by Rule 3.172(c)(8), Florida Rules of Criminal Procedure. Due to this omission, Defendant never had the ability to make a fully informed decision between a possible prison sentence of over 50 years or possible deportation to his home country of Guyana while his immediate family resides in the United States. The plea entered in this matter does show prejudice to Defendant at both the present time, and, through his testimony, at the time Defendant entered the plea. While an order setting aside the plea and sentence in this matter is grossly unfair to the State, especially in light of the time frame that has transpired since the

---

[1] "The fact that the preprinted plea form advised [the defendant] of the possibility of deportation is insufficient to satisfy rule 3.172(c) (8)". Benelhocine v. State 787 So.2d 38 (Fla. 2001)

[2] In order to establish prejudice pursuant to a violation of the rule . . . defendants need to establish that they did not know that the plea might result in deportation, that they were threatened with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea.

entrance of the plea, the dictates of the Florida Supreme Court suggest the need for this Court to enter an order setting aside the plea and sentence herein.

Based on the foregoing, it is **ORDERED**:

1. Defendant Rayon Sherwin Payne's Motion for Postconviction Relief is **GRANTED.**
2. The conviction and sentence in the above-styled case are hereby **VACATED**, and the matter will be re-set on the trial docket.
3. The Clerk of Court shall promptly serve a copy of this Order upon Defendant including an appropriate certificate of service.

**DONE AND ORDERED** in chambers at Orlando, Orange County, Florida, this 3rd day of February 2005.

JOHN MARSHALL KEST
Circuit Court Judge

Certificate of Service

I certify that a copy of the foregoing Order has been provided this 3 day of February 2005, to **Terrance E. Kehoe, Esquire**, Law Offices of Terrence E. Kehoe, Tinker Building, 18 West Pine Street, Orlando, Florida 32801; and to **Dick Jucknath, Appellate Advocacy Unit**, Office of the State Attorney, 415 North Orange Avenue, Orlando, Florida 32801

Diane Iacone
Judicial Assistant

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office.
Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this 15 day of December 2022.
Tiffany Moore Russell, Clerk of the Circuit Court
By: ______________ Deputy Clerk

[3] The determination of the INS judge can only be overcome by a change in Defendant's conviction status.

# EXHIBIT (5)

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**KEHOE, Terrence E., Esq.**
**18 West Pine Street**
**Orlando, FL 32801-0000**

**Office of the District Counsel/RG**
**7880 Biscayne Blvd., DCAP Unit**
**Miami, FL 33138**

**Name: *S-PAYNE, RAYON SHERWIN** **A41-189-506**

**Date of this notice: 05/06/2005**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

F. F. Kri

Frank Krider
Chief Clerk

Enclosure

Panel Members:
MOSCATO, ANTHONY C.

ACTION COMPLETED
APPROVED FOR FILING
Initials: MF Date: 06/20/05
FCO/Unit Miami/LIT

EOIR - 7 of 15

Exh. 2 - Adm.

U.S. Department of Justice
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File: A41 189 506 - Miami

Date: MAY 0 6 2005

In re: RAYON SHERWIN PAYNE

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Terrence E. Kehoe, Esquire

The respondent moves that we reopen proceedings on the grounds that the criminal conviction underlying his removal order has been vacated. The Department of Homeland Security (DHS) has not responded to the motion. The motion will be granted.

The respondent in this matter, having previously been found removable from the United States, has now filed a motion providing evidence that his convictions were vacated on constitutional grounds. The respondent argues that because he is no longer convicted of any crime that renders him removable from the United States, his proceedings should be reopened.

Though respondent's motion to reopen is untimely (the final order in these proceedings was entered by the Board on May 5, 2004. Pursuant to 8 C.F.R. § 1003.2(c)(2) (with certain exceptions not relevant here), a motion to reopen in any case previously the subject of a final decision by the Board must be filed no later than 90 days after the date of that decision. In the instant case, a motion to reopen would have been due on or before August 3, 2004. The record reflects, however, that the Board did not receive the motion to reopen until March 2, 2005), we recognize the potential significance of the vacation of respondent's conviction, and will reopen proceedings on our own authority. *See* 8 C.F.R. § 1003.2(a).

ORDER: The motion to reopen is granted, and the record is remanded to the Immigration Judge for further proceedings.

Anthony C. Moscato

FOR THE BOARD

# EXHIBIT (6)

| | |
|---|---|
| | Image<br>*Subpoena Served* |
| 03/09/2005 | Image<br>*Subpoena Served* |
| 03/15/2005 | Image<br>*Subpoena Unserved* |
| 03/15/2005 | Image<br>*Subpoena Unserved* |
| 03/18/2005 | Image<br>*Subpoena Unserved* |
| 04/04/2005 | Image<br>*Nolle Prosequi* |
| 04/04/2005 | Nolle Prosequi<br>*NOLLE PROSEQUI COUNT 001* |
| 04/13/2005 | Image<br>*Correspondence* |
| 04/13/2005 | Image<br>*Bond Discharged* |
| 04/13/2005 | Bond Discharged<br>*CLOSED BOND DISCHARGED #100-4191* |
| 04/21/2005 | Correspondence<br>*CORRESPONDENCE FILED FROM TERRENCE E. KEHOE, ESQ. DATED 4/13/05* |
| 04/22/2005 | Image<br>*Returned Mail* |
| 04/29/2005 | Image<br>*Returned Mail* |
| 06/23/2005 | Bond Discharge Slip Returned to Sender<br>*BOND DISCHARGE SLIP RETURNED TO SENDER #100-4191* |
| 06/24/2005 | Bond Discharge Slip Returned to Sender<br>*BOND DISCHARGE SLIP RETURNED TO SENDER* |
| 07/12/2005 | Image<br>*Correspondence* |
| 07/12/2005 | Correspondence<br>*CORRESPONDENCE FILED FROM OC CORRECTIONS PRETRIAL SERVICES UNIT RE: DEFT NOT BEING RELEASED TO HCR DUE TO A NO BOND HOLD FOR IMMIGRATION* |
| 10/20/2021 | Disposal Listing |

# EXHIBIT (7)

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 48-99-CF- 7826-O / A

DIVISION NO: 15

STATE OF FLORIDA,
Plaintiff,
vs.

RAYON SHERWIN PAYNE,
Defendant.

## JUDGMENT

The defendant, RAYON SHERWIN PAYNE, being personally before this court represented by Terrance Kehoe, the attorney of record, and the state represented by Division 15, and having entered a plea of Nolo Contendere to the following crime(s):

| Count | Crime | Offense Statute Number(s) | Degree of Crime | OBTS Number |
|---|---|---|---|---|
| 001 | Attempted Possession of Stolen Credit Card | 777.04, 817.60(6)(a) | MF | 0011563235 |
| 005 | Attempted Possession of Stolen Credit Card | 777.04, 817.60(6)(a) | MF | 0011563235 |

and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED that the defendant is hereby ADJUDICATED GUILTY of the above crime(s).

DOCKETED BY: A. GADSON

Filed in Open Court this 12th day of August, 2005.

**Lydia Gardner**
Clerk of the Circuit and County Courts

By: J.Everett/ K.Houston,
Deputy Clerk in Attendance

State of Florida
v.

Defendant Rayon S. Payne

Case Number 99CF 7826-0

# FINGERPRINTS OF DEFENDANT

| 1. Right Thumb | 2. Right Index | 3. Right Middle | 4. Right Ring | 5. Right Little |
|---|---|---|---|---|
|  |  |  |  |  |
| **1. LeftThumb** | **2. Left Index** | **3. Left Middle** | **4. Left Ring** | **5. Left Little** |
|  |  |  |  |  |

Fingerprints taken by: [signature] 7/5 [illegible]
Name Title

I HEREBY CERTIFY that the above and foregoing are the fingerprints of the defendant, Rayon S. Payne, and that they were placed thereon by the defendant in my presence in open court this date.

DONE AND ORDERED in open court in ORANGE County, Florida, this 12 day of Aug, 2005.

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office. Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this ___ day of DEC 1 1 2023
Tiffany Moore Russell, Clerk of the Circuit Court
By: [signature] Deputy Clerk

32-37 (3/00)

[signature]
Judge

EOIR – 15 of 31

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: 48-99-CF- 7826-O / A

DIVISION NO: 15

STATE OF FLORIDA,
Plaintiff,
vs.

RAYON SHERWIN PAYNE,
Defendant.
_______________________________/

## Court Minutes / Order (Plea/Sentencing)

Court opened on 8/12/2005, with the following officers present:
Honorable John Marshall Kest, Judge Presiding.
Asst. State Atty.: Division 15 Court Reporter: Electronic
Court Deputy: L. Holladay

This case came on this day for Plea/Sentencing . The Defendant was present with counsel. Counsel's Name: Terrance Kehoe.

### Count(s): Ct.001) 817.60(6)(A):

**Plea**
The Defendant withdrew the previously entered plea of Not Guilty. The Defendant was sworn and Pled Nolo Contendere to the lesser included offense of Attempt 777.04, 817.60(6)(a) Possesstion of Stolen Credit Card Level: M Degree: F.

**Judgment**
Defendant was adjudicated guilty.

### Sentence

**Jail**
The defendant is ordered to serve 11 Month(s) in the Orange County Jail with credit for 11 Month(s) time served.

**Misc. Orders / Events**
- State Nolle Pros counts 2-4, 6-12

### Count(s): Ct.005) 817.60(6)(b)

**Plea**
The Defendant withdrew the previously entered plea of Not Guilty. The Defendant was sworn and Pled Nolo Contendere to the lesser included offense of Attempt 777.04, 817.60(6)(a) Possesstion of Stolen Credit Card Level: M Degree: F.

**Judgment**
Defendant was adjudicated guilty.

**Sentence**

**Probation**

The defendant is placed on 1 Year(s)Supervised Probation under the supervision of the Orange County Probation Unit. The defendant must report to Probation within 72 hours. Probation may terminate early after all Restitution and Costs are paid and no new law violations.

**Restitution**

- The defendant is ordered to pay $ 279.28 restitution to Victim. The Court orders monies to be paid to Collections Court in compliance with collection court notice filed herein..
- The defendant is ordered to pay restitution to VICTIM. The court reserves as to amount for 60 days..

**Fines**

The Defendant is hereby ordered to pay the following amounts: Court Costs: $ 5.00; CCF: $ 50.00; LGCJTF: $ 50.00; CRIMESTP: $ 20.00; CRIMEPREV: $ 20.00;
A $65.00 Criminal Ordinance Program fee is hereby imposed.

- **Defendant shall comply with all conditions of the Collection Program.**
- **Failure to pay financial obligations will result in the suspension of your driving privileges.**

**Misc. Orders / Events**

- State Nolle Pros counts 2-4, 6-12
- Return Passport to Defendant within 48 hours.
- The Court orders monies to be paid to Collections Court in compliance with collection court notice filed herein.*(Condition of Probation)

Filed in Open Court this 12th day of August, 2005.

Done and Ordered at Orange County, Florida this 12th day of August, 2005.

**Lydia Gardner**
Clerk of the Circuit and County Courts

By: J.Everett/ K.Houston,
Deputy Clerk in Attendance

Honorable John Marshall Kest, Judge Presiding

| | | | | |
|---|---|---|---|---|
| ____ ACS | ____ Dockets | ____ Defendant | ____ Booking | ____ Court Security |
| ____ CFSC | ____ Court Deputy | ____ P&P/Com Cont | ____ Surety | ____ S.O. on ______ |

____ Other: ______________________________

I certify that a copy hereof has been furnished to ______________________ by (mail) (delivery) this ___day of __________, 20 ___.

By: ______________________________
Deputy Clerk

State of Florida, County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office. Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this ___ day of DEC 11 2023
Tiffany Moore Russell, Clerk of the Circuit Court
By: ______________ Deputy Clerk

RAYON SHERWIN PAYNE 08/12/2005 9:26 AM Page 2 of 3 48-99-CF- 7826-07 A

EOIR — 17 of 31

IN THE Circuit COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO. 48- 1999 · CF · 7826 - 0

DIVISION 15

STATE OF FLORIDA

vs.

Bayon Sherwin Payne ,

FILED IN OPEN COURT THIS 12 DAY OF AUG, 2005 Lydia Gardner, Clerk BY [signature] D.C.

## NOLLE PROSEQUI

THE STATE OF FLORIDA enters a Nolle Prosequi in the above-entitled action as to Cts. 2, 3, 4, 6, 7, 8, 9, 10, 11, 12

I do certify that a copy hereof has been furnished to T. Kehoe

by (delivery) (mail) this 12 day of August, 2005.

LAWSON LAMAR
State Attorney

By: Martha C. Adams
Print Name: Martha C. Adams
Florida Bar No. 0193569
Assistant State Attorney
Post Office Box 1673
Orlando, Florida 32802-1673
Telephone: 407-836-2400

cc: State Attorney
Counsel for Defendant

29 -141 (rev 12/00)

State of Florida County of Orange
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office. Confidential or sealed items, if any, have been redacted per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this DEC 11 2023 20__
Tiffany Moore Russell, Clerk of the Circuit Court
By: [signature] Deputy Clerk

EOIR – 18 of 31

# EXHIBIT (8)

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: 11/07/1974

Event No: ORL2602000753

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 401602626

File No: 041 189 506

In the Matter of:

Respondent: RAYON SHERWIN PAYNE AKA: PAYNE, RAYON See Continuation Page Made a Part Hereof currently residing at:

18201 SW 12th St Miami, FLORIDA 331942700

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of Guyana and a citizen of Guyana;

3. You were admitted to the United States at New York, NY on or about August 27, 1986 as a P22, an Unmarried Son or Daughter of an Alien Resident;

4. On or about September 16, 1986, you adjusted to that of a Lawful Permanent Resident;

5. You were, on August 12, 2005, convicted in the Circuit Court in and for Orange County, FL for two counts of Attempted Possession of Stolen Credit Card, in violation of Florida Statute 817.60(6)(A), in Case No. 48-99-CF-7826-O; and

6. On or about August 9, 2005, you represented yourself to be a citizen of the United States for the purpose of registering to vote with the Supervisor of Elections in Orange County, Florida.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

18201 SW 12TH ST, BLDG 1, RM C, MIAMI, FLORIDA 33194. ALLIGATOR ALCATRAZ FLORIDA DET

*(Complete Address of Immigration Court, including Room Number, if any)*

on March 11, 2026 *(Date)* at 8:30 am *(Time)* to show why you should not be removed from the United States based on the charge(s) set forth above.

R 5854 TORRES CRUZ - SDDO

*(Signature and Title of Issuing Officer)*

Date: March 4, 2026

Miami, Florida

*(City and State)*

EOIR – 1 of 4



Exh. 1 - Adm.

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_______________________ *(Signature of Respondent)*

Date: __________

_______________________ *(Signature and Title of Immigration Officer)*

## Certificate of Service

This Notice To Appear was served on the respondent by me on March 4, 2026, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # ________ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ENGLISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

[signature] *(Signature of Respondent if Personally Served)*

[signature] M14204 SYLVAIN - Detention and Deportation Officer *(Signature and Title of officer)*

EOIR – 2 of 4



Exh. 1 - Adm.

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

U.S. Department of Homeland Security

Continuation Page for Form I-862

| Alien's Name | File Number | Date |
|---|---|---|
| PAYNE, RAYON SHERWIN | 041 189 506<br>Event No: ORL2602000753 | 03/04/2026 |

ALSO KNOWN AS

SULRWIN

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

Section 237(a)(3)(D) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who has falsely represented yourself to be a citizen of the United States for any purpose or benefit under this Act (including Section 274A) or a Federal or State law.

| Signature | Title |
|---|---|
| R 5854 TORRES CRUZ | SDDO |

4 of 4 Pages

EOIR — 4 of 4



Exh. 1 - Adm.

# EXHIBIT (9)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-cv-24567-Artau**

RAYON SHERWIN PAYNE,

Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendant.

______________________________________/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND EXPEDITED MOTION FOR PRELIMINARY INJUNCTION**

Defendants by and through the undersigned Assistant United States Attorney, respond in opposition to Plaintiff's Expedited Second Motion for Preliminary Injunction, Preservation of the Court's Jurisdiction, Production of the Administrative Record ("Motion"). ECF No. 9. This Court should deny the Plaintiff's Motion as moot because the acts he seeks were already provided to him. In the alternative, United States Citizenship and Immigration Services ("USCIS"), the agency in possession of Plaintiff's Form N-400 and Form N-336 applications will be placing a litigation hold on Plaintiff's file as requested (ECF No. 9 requested relief #3, #5) and will file a copy of the Plaintiff's N-400 file upon this Court's order. In support, Defendants state the following.

**INTRODUCTION**

**A. Procedural Background**

On June 30, 2026, Plaintiff filed a Verified Complaint and Injunction Relief ("Complaint") and a Motion for Preliminary Injunction ("First PI Motion") in his Habeas Corpus case, No. 1:26-cv-23021-MD. *See Rayon Payne v. Dep't of Homeland Sec.*, 1:26-cv-23021-MD, ECF No. 20 and 22. On July 2, 2026, the Clerk of Court transferred the Complaint and Motion to this Court and

opened a new case for Plaintiff. On July 13, 2026, Defendants filed a Response in Opposition. ECF No. 5. As of the date of this filing, the Court has not ruled on the First PI Motion. In the meantime, Plaintiff sought leave to file in forma pauperis (ECF No. 3, 7), which this court denied (ECF No. 10).

On August 5, 2026, Plaintiff filed an Amended Complaint. ECF No. 8. Plaintiff once again seeks adjudication of his Form N-400, Naturalization application, declaratory relief, and injunctive relief under the Administrative Procedure Act ("APA"). ECF No. 8 ¶¶ 1, 5. Plaintiff also filed an Expedited Second Motion for Preliminary Injunction ("Motion") seeking this Court's jurisdiction and an order compelling the Defendants to "preserve and produce" Plaintiff's administrative record relating to his Form N-400 and Form N-336. ECF No. 9.

**B. Factual History**

On or about April 16, 2023, Plaintiff filed Form N-400, application for naturalization. On December 4, 2023, USCIS denied the N-400 citing Plaintiff's vacated felony convictions. On January 5, 2024, Plaintiff filed a Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings with USCIS, to request a hearing before an immigration office on the denial of his Form N-400. On September 24, 2024, USCIS interviewed Plaintiff regarding Form N-336. On October 31, 2024, USCIS entered a decision as to the N-336 as "re-determined N-400 denial." On February 20, 2025, USCIS interviewed Plaintiff again. On May 6, 2026, USCIS issued its decision, denying Plaintiff's N-400 application for naturalization. *See* ECF No. 5-1.

On September 23, 2025, USCIS responded to Plaintiff's Freedom of Information Act ("FOIA") request, providing him his Form N-400, N-336, and immigration file. On July 29, 2026, Defendant hand delivered Plaintiff a copy of his removal proceedings file.

## ARGUMENT

In the Eleventh Circuit, "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (cleaned up). The Plaintiffs have the burden of persuasion in all four requirements which are:

> (1) … a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to [Plaintiffs] outweighs whatever damage the proposed injunction may cause [Defendants]; and (4) if issued, the injunction would not be adverse to the public interest.

*Id.* Accordingly, it is "never awarded as of right," and courts "should pay particular regard for the public consequences in employing" it. *Winter v. NRDS, Inc.*, 555 U.S. 7, 24 (2008). For the reasons stated below, Plaintiff fails to carry his burden.

### A. Plaintiff Fails to Establish a Substantial Likelihood of Success on the Merits

Plaintiff fails to establish a substantial likelihood of success on the merits because his application for naturalization has been adjudicated. *See* ECF No. 5-1, USCIS Decision on N-400, dated May 6, 2026.[1]

Because Plaintiff's application for naturalization was adjudicated, he cannot show a substantial likelihood of success on the merits. Therefore, this Court should deny the Motion as

[1] Plaintiff alleges in his Verified Complaint (ECF No. 1) that he filed an action related to USCIS's denial of Form N-400. *See Payne v. USCIS*, No. 1:25-cv-01952-ACR, (D.D.C. Sept. 25, 2025). The District Court for the District Court of Columbia transferred the case to the Middle District of Florida. No. 1:25-cv-01952-ACR, ECF No. 15 (*see* ECF No. 5-2, docket for case No. 1:25-cv-01952-ACR). The Middle District of Florida dismissed the case for failure to comply with the OTSC. *See Payne v. USCIS*, No. 6:25-cv-01855-CEM, ECF No. 20 (M.D. Fla. Nov. 12, 2025). *See* ECF No. 5-3, docket for case No. 6:25-cv-01855. Plaintiff continued to file motions in the District Court for the District Court of Columbia and filed an appeal as to the court's orders denying Plaintiff's motions. *See Payne v. USCIS*, No. 25-5355, (D.C. Cir. Oct. 9, 2025) (appealing order transferring case to the Middle District of Florida). *See also* ECF No. 5-4, docket for case No. 25-5355.

moot. *Daker v. Sheriff*, 860 F. App'x 698, 699 (11th Cir. 2021); *Jiang v. USCIS*, No. 20-20205-civ-Moreno, 2020 WL 13548613, at *1 (S.D. Fla. May 1, 2020) ("Reviewing the record, and finding that the applications have in fact been approved, the Court finds that Plaintiff's claims concerning these applications are moot."); *Ekwunife v. USCIS*, 2023 WL 8651406, at *3 (E.D. Penn. Dec. 14, 2023) ("USCIS has not merely moved the adjudication forward but has completed the adjudication, it follows a fortiori that an action for mandamus is moot.").

As for the Plaintiff's administrative record related to his Form N-400 and Form N-336, USCIS produced the record to Plaintiff in response to a FOIA request on September 23, 2025. In the event Plaintiff is seeking his removal proceedings record, the Defendant provided Plaintiff a copy of his administrative record to him on July 29, 2026. In the event, this Court grants the Plaintiff's Motion, the Defendant requests that Plaintiff be more specific as to what additional records he is seeking.

Therefore, Plaintiff fails to establish a substantial likelihood of success on the merits because his N-400, Naturalization application was adjudicated on May 6, 2026, and Defendants have already provided Plaintiff a copy of his administrative record on September 23, 2025, and July 29, 2026.

**B. Plaintiff Fails to Allege, Much Less Establish, an Irreparable Injury**

"A showing of irreparable injury is the sine qua non of injunctive relief." *Siegel*, 234 F.3d at 1176 (internal quotation marks omitted). Accordingly, "the absence of a substantial likelihood of irreparable injury [], standing alone, make[s] preliminary injunctive relief improper." *Id.* And as the Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Id.*

Plaintiff fails to allege irreparable injury. ECF No. 9 at 3-4. Plaintiff speculates that "Defendants may continue to pursue actions" without identifying a specific action. ECF No. 9 ¶ at 4. The mere possibility of injury is insufficient to satisfy this "second most critical factor." *Florida v. HHS*, 19 F.4th 1271, 1391 (11th Cir. 2021). Furthermore, Plaintiff's Naturalization application has already been adjudicated, and he received his Form N-400 and Form N-336 file on September 23, 2025. Plaintiff's Motion should be denied because he has not identified an irreparable injury.

**C. Plaintiff Fails to Establish That the Equities Favor Granting the Injunction**

Plaintiff fails to argue, let alone establish, that the balance of the equities and public interest strongly support preliminary relief. As explained above, Plaintiff's Form N-400, application for naturalization has already been adjudicated. Therefore, this Court should deny the Motion as moot.

**WHEREFORE**, for the foregoing reasons, the Plaintiff cannot show a likelihood of success on the merits, irreparable harm, or that factors of public interest and the balance of hardships weigh in his favor. Thus, Plaintiff's Second Motion for Preliminary Injunction should be denied as moot because the acts he seeks were already provided to him. In the alternative, USCIS will be placing a litigation hold on Plaintiff's file as requested (ECF No. 9 requested relief #3, #5) and will file a copy, similar to that of his 2025 FOIA request of the Plaintiff's Form N-400 file upon this Court's order.

Dated: August 18, 2026

**Respectfully submitted,**

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

s/ Michele Wilcox-Petrites
**Michele Wilcox-Petrites**
Assistant United States Attorney
Fla. Bar No. 1011474
United States Attorney's Office
500 S. Australian Avenue, Suite 400

Case 1:26-cv-21567-EA Document 22 Entered on FLSD Docket 03/18/2026 Page 6 of 6

West Palm Beach, Florida 33401
Telephone: (561) 209-1010
Facsimile: (561) 820-8777
Email: Michele.Wilcox-Petrites@usdoj.gov

*Attorney for Respondent*

Cc:
Rayon Payne
Krome
18201 SW 12th Street
Miami, FL 33194

233 Wyona Street
Brooklyn, NY 11207

# Exhibit 1

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*National Records Center*
P.O. Box 648010
Lee's Summit, MO 64064-8010

**U.S. Citizenship and Immigration Services**

**Control Number:** [redacted]

September 23, 2025

RAYON PAYNE
[redacted]

Dear RAYON PAYNE:

This letter is in response to your request for records under the Freedom of Information Act (FOIA) or Privacy Act (PA), which was received in this office on July 13, 2025.

We have considered the foreseeable harm standard when reviewing the record set and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance. We have completed the review of all documents and have identified 1059 pages that are responsive to your request. Enclosed are 265 pages released in their entirety and 267 pages released in part. We are withholding 524 pages in full. In our review of these pages, we have determined they contain no reasonably segregable portion(s) of non-exempt information. Additionally, we have referred 3 pages in their entirety to United States Secret Service. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(6)(b)(7)(c), and (b)(7)(E) of the FOIA.

The following exemptions are applicable:

Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information that we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

[redacted]


Exemption (b)(7)(E) of the FOIA provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

There may be additional documents that contain discretionary releases of exempt information. If made, these releases are specifically identified in the responsive record. These discretionary releases do not waive our ability to invoke applicable FOIA exemptions for similar or related information in the future.

The enclosed record consists of the best reproducible copies available. Certain pages contain marks that appear to be blacked-out information. The black marks were made prior to our receipt of the file and are not information we have withheld under the provisions of the FOIA or PA.

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. You may file an administrative FOIA appeal electronically to USCIS through your online portal by selecting Appeal in the Actions drop down window. You may also file an administrative FOIA appeal to USCIS at: USCIS FOIA/PA Appeals Office, 150 Space Center Loop, Suite 500, Lee's Summit, MO 64064-2139. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact our USCIS FOIA Public Liaison at U.S. Citizenship and Immigration Services, National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, MO 64064-8010, or by email at FOIAPAQuestions@uscis.dhs.gov.

A USCIS FOIA Public Liaison is an agency official to whom FOIA requesters can raise concerns about the service the requester has received from the agency's FOIA Office. USCIS FOIA Public Liaisons are responsible for assisting in reducing delays, increasing transparency, and understanding of the status of requests, and assisting in the resolution of disputes.

If you are unable to resolve your FOIA dispute through our USCIS FOIA Public Liaison, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; email ogis@nara.gov; telephone 202-741-5770; toll free 877-684-6448; or facsimile 202-741-5769.

The National Records Center does not process petitions, applications, or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a matter pending with USCIS, please visit the Contact Us page at www.uscis.gov or call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833).

<u>How to submit Questions or Changes</u>

Questions concerning this FOIA/PA request may be mailed to U.S. Citizenship and Immigration Services, National Records Center, FOIA/PA Office, P.O. Box 648010, Lee's Summit, MO 64064-8010 or emailed to FOIAPAQuestions@uscis.dhs.gov. All FOIA/PA related requests, including address changes must be submitted in writing, and signed by the requester. Please include the control number listed above on all correspondence. For more information regarding the USCIS FOIA Program, please visit the USCIS website at www.uscis.gov/FOIA.

Sincerely,

Jarrod Panter

Jarrod T Panter
Acting Chief FOIA Officer
Freedom of Information Act & Privacy Act Unit

Enclosure(s)

# EXHIBIT (10)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
KROME SERVICE PROCESSING CENTER
IMMIGRATION COURT
MIAMI, FLORIDA

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | |
| | ) | |
| **PAYNE, RAYON SHERWIN** | ) | **IN REMOVAL PROCEEDINGS** |
| **A# 041-189-506** | ) | |
| | ) | **DETAINED** |
| **RESPONDENT** | ) | |
| | ) | |

**CHARGES:** Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act (INA or Act): Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude (CIMT), not arising out a single scheme of criminal misconduct; and

Section 237(a)(3)(D) of the INA: Any alien who falsely represents, or has false represented, himself to be a citizen of the United States for any purpose or benefit under this Act (including section 274A) of any Federal or State law, is deportable.

**APPLICATION:** Motion to Terminate

**ON BEHALF OF RESPONDENT**
*Pro se*

**ON BEHALF OF THE DEPARTMENT**
Rebecca Roque, Assistant Chief Counsel
U.S. Department of Homeland Security
18201 SW 12th Street
Miami, Florida 33194

## WRITTEN DECISION AND ORDERS OF THE IMMIGRATION JUDGE

## I. PROCEDURAL HISTORY

Rayon Sherwin Payne (Respondent) is a native and citizen of Guyana. See Exh. 1. On August 27, 1986, Respondent was admitted to the United States at New York, New York as an Unmarried Son of an Alien Resident (P22). See id. On September 16, 1986, Respondent adjusted his status to that of a lawful permanent resident (LPR). See id.

On March 9, 2000, Respondent was convicted in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida for the offenses of Possession of Stolen or Otherwise Counterfeit Credit Card in violation of section 817.60(6)(a) of the Florida Statutes, and Scheme to Defraud in violation of section 817.034(4)(a)(3) of the Florida Statutes. See Exh. 2 at 5. On August 27, 2002, Respondent was convicted in the Circuit Court of the Ninth Judicial Circuit in and for

EOIR - 1 of 9

Orange County, Florida for the offense of Sexual Battery in violation of section 794.011(4)(a) of the Florida Statutes. See id.

On or about July 30, 2003, the Department of Homeland Security (Department) served Respondent with a Notice to Appear (NTA), charging him as removable under sections 237(a)(2)(A)(iii) (aggravated felony) and 237(a)(2)(A)(ii) (two CIMTs) of the INA. See id. at 5-6. The Department subsequently filed the NTA with the Miami Immigration Court, thereby initiating removal proceedings against Respondent. See id. at 3. On January 12, 2004, an Immigration Judge (IJ) at the Miami Immigration Court ordered Respondent removed to Guyana based on the charges on the NTA dated July 30, 2003. See Rayon Sherwin Payne, A041 189 506 (BIA May 5, 2004). On May 5, 2004, the Board of Immigration Appeals (Board) adopted and affirmed the January 12, 2004, decision of the Immigration Judge ordering Respondent removed to Guyana. See id.

On February 3, 2005, the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida vacated Respondent's March 9, 2000, convictions for Possession of Stolen or Otherwise Counterfeit Credit Card and Scheme to Defraud. See DHS NOF (May 22, 2026) at 13. On May 5, 2005, the Board granted Respondent's Motion to Reopen Proceedings on the grounds that the criminal convictions underlying his removal order were vacated. See Exh. 2 at 9. The Board remanded the record to the Immigration Judge for further proceedings, after which the Immigration Judge terminated removal proceedings. See id.

On or about August 9, 2005, Respondent represented himself to be a citizen of the United States for the purpose of registering to vote with the Supervisor of Elections in Orange County, Florida. See Exh. 1; Exh. 2 at 11-13. On August 12, 2005, Respondent was again convicted in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida for the offense of Attempted Possession of Stolen Credit Card in violation of section 817.60(6)(a) of the Florida Statutes. See DHS NOF (May 22, 2026) at 14.

On or about March 4, 2026, Respondent was taken into the custody of Immigration and Customs Enforcement. See Exh. 1. The Department subsequently served Respondent with an NTA, charging him as removable under sections 237(a)(2)(A)(ii) (two CIMTs) and 237(a)(3)(D) (false representation of United States citizenship) of the INA. See id. On March 6, 2026, the Department filed the NTA with the Court, thereby initiating removal proceedings and vesting the Court with jurisdiction. See id.; 8 C.F.R. § 1003.14(a).

On March 11, 2026, Respondent's counsel entered his appearance before the Court. See EOIR-28 (Mar. 11, 2026). On May 4, 2026, the Court granted the Motion to Withdraw as Counsel filed by Respondent's counsel. See IJ Order (May 4, 2026). On that same day, during a master calendar hearing, Respondent, appearing *pro se*, admitted allegations one through four and denied allegations five and six contained in the NTA. See Exh. 1. Based on Respondent's admissions and the record of evidence, the Court sustained the charge of removability under section 237(a)(3)(D) of the INA by clear and convincing evidence and held the charge of removability under section 237(a)(2)(A)(ii) of the INA in abeyance. See INA § 240(c)(1)(A); 8 C.F.R. §§ 1003.14(a), 1240.10(c). Respondent then designated Guyana as the country of removal. See 8 C.F.R. § 1240.10(f).

On May 21, 2026, Respondent filed a Motion to Terminate Proceedings with the Court. See Respondent's Motion to Terminate Proceedings (May 21, 2026). On May 22, 2026, the Department filed a Motion to Sustain Charge of Removability with the Court, along with documentary evidence of Respondent's August 12, 2005, conviction for Attempted Possession of Stolen Credit Card. See DHS NOF (May 22, 2026).

On June 15, 2026, during a master calendar hearing, the Court sustained the charge of removability under section 237(a)(2)(A)(ii) of the INA by clear and convincing evidence. See INA § 240(c)(1)(A); 8 C.F.R. §§ 1003.14(a), 1240.10(c). The Court then advised Respondent that he was eligible to file an application for Cancellation of Removal for Certain Permanent Residents (Form EOIR-42A) and granted him a continuance to file the application.

On July 1, 2026, during a master calendar hearing, Respondent informed the Court that he would not be filing a Form EOIR-42A application for relief. Respondent unequivocally represented that this decision was made knowingly, freely, and voluntarily. Respondent further advised the Court that he did not fear returning to Guyana and was not seeking any form of fear-based protection or relief. Bound by Eleventh Circuit Court of Appeals (Eleventh Circuit) precedent, this Court now denies Respondent's Motion to Terminate and issues the instant decision to memorialize its findings.

## II. SUMMARY OF THE EVIDENCE

The record in this proceeding consists of exhibits one and two, and Respondent's testimony. See 8 C.F.R. § 1240.9. The Court considered all testimony and documentary evidence in their entirety regardless of whether specifically mentioned in this decision. See Lingeswaran v. U.S. Att'y Gen., 969 F.3d 1278, 1292 (11th Cir. 2020) (explaining that "[a]lthough IJs are obligated to consider an applicant's documentary evidence, they are under no obligation to credit it or assign it decisive weight." (quotations and alteration omitted)).

## III. BURDEN OF PROOF AND CREDIBILITY

The respondent bears the burden of establishing his eligibility for each application for relief. INA § 240(c)(4)(A). The Court determines whether the respondent sustained the burden of proof and makes credibility determinations. INA §§ 208(b)(1)(B)(ii)–(iii), 240(c)(4)(C), 241(b)(3)(C). The Court weighs the testimony with other evidence in the record. INA §§ 208(b)(1)(B)(2), 240(c)(4)(B). "The testimony of the [respondent] may be sufficient to sustain the [respondent's] burden without corroboration, but only if the [respondent] satisfies the trier of fact that the [respondent's] testimony is credible, persuasive, and refers to specific facts sufficient to demonstrate that the [respondent] is a refugee." INA § 208(b)(1)(B)(ii); see also 8 C.F.R. § 1208.16(b). Denial of relief may be based "solely [upon] an adverse credibility determination, especially if the [respondent] fails to produce corroborating evidence." Lyashchynska v. U.S. Att'y Gen., 676 F.3d 962, 967 (11th Cir. 2012) (citing Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1347 (11th Cir. 2008)).

Detailed and specific testimony supports a finding of credibility, while vague testimony contributes to an adverse credibility determination. Compare Niftaliev v. U.S. Att'y Gen., 504 F.3d

1211, 1217 (11th Cir. 2007), with Alim v. Gonzales, 446 F.3d 1239, 1256–57 (11th Cir. 2006). Accordingly, in making credibility determinations, the court takes a "commonsense approach to determining credibility," considering the totality of the circumstances, including:

> [D]emeanor, candor, or responsiveness of the Respondent or witness, the inherent plausibility of the Respondent's or witness's account, the consistency between the Respondent's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the Respondent's claim, or any other relevant factor.

INA § 240(c)(4)(C).

Here, the Court finds Respondent testified credibly. See INA § 240(c)(4)(B); see also Serra v. Att'y Gen., 60 F.4th 653, 659 (11th Cir. 2023) (stating that IJs enjoy broad discretion when making credibility determinations). During the proceedings, the Court listened carefully to Respondent and observed his demeanor as he testified. Respondent testified internally and generally consistent with the record of evidence. See Exhs. 1-2. The Court notes that it is in the unique position to observe Respondent's demeanor, tone, and responsiveness to questions. See Todorovic v. U.S. Att'y Gen., 621 F.3d 1318, 1325 (11th Cir. 2010) (affording great deference to an IJ's assessment of demeanor). Respondent's demeanor did not give any indication that he was being less than truthful. Respondent's testimony was sufficiently detailed, responsive, and clear. Further, the Department did not raise credibility concerns with the Court. Thus, after carefully considering the totality of the circumstances and all relevant factors, the Court finds Respondent credible. See INA § 240(c)(4)(C).

## IV. MOTION TO TERMINATE

On May 21, 2026, Respondent filed a Motion to Terminate Proceedings with the Court, arguing he is not removable as charged. See Respondent's Motion to Terminate Proceedings (May 21, 2026). The Court will address each charge of removability in turn.

### A. Section 237(a)(2)(A)(ii) of the INA – Two CIMTs

Section 237(a)(2)(A)(ii) of the INA provides that "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefore and regardless of whether the convictions were in a single trial, is deportable." INA § 237(a)(2)(A)(ii). The Board has described a CIMT as a "nebulous concept, which refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, contrary to the rules of morality and the duties owed between man and man, either one's fellow man or society in general." Matter of Perez-Contreras, 20 I&N Dec. 615, 617–18 (BIA 1992) (citation omitted). A finding that a crime is a CIMT requires "reprehensible conduct committed with some degree of scienter," whether specific intent, deliberateness, willfulness, or recklessness. Matter of Louissaint, 24 I&N Dec. 754, 757 (BIA 2009); see also Matter of Silva-Trevino, 26 I&N Dec. 826, 828 n.2, 833–34 (BIA 2016); Matter of Leal, 26 I&N Dec. 20, 21 (BIA 2012).

To determine whether an alien's prior conviction involves moral turpitude, the Court "applies either the categorical approach or the modified categorical approach, depending on the statutory scheme." Gelin v. U.S. Att'y Gen., 837 F.3d 1236, 1241 (11th Cir. 2016) (citing Fajardo v. U.S. Att'y Gen., 659 F.3d 1303, 1310 (11th Cir. 2011); see also Donawa v. U.S. Att'y Gen., 735 F.3d 1275, 1280 (11th Cir. 2013); Silva-Trevino, 26 I&N Dec. at 832. The Court begins by applying the categorical approach, which requires the Court to look to "the inherent nature of the offense, as defined in the relevant statute, rather than the circumstances surrounding a defendant's particular conduct." Fajardo, 659 F.3d at 1305; see also Gelin, 837 F.3d at 1241 ("Under the categorical approach, we consider only the fact of conviction and the statutory definition of the offense, rather than the specific facts underlying the defendant's case."); Silva-Trevino, 26 I&N Dec. at 832. The Court must ascertain whether a respondent's conviction is a match to the generic definition of a CIMT. See Descamps v. United States, 570 U.S. 254, 257 (2013). In making this comparison, the Court "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized" by the statute. Moncrieffe v. Holder, 569 U.S. 184, 191 (2013). (alterations in original) (quoting Johnson v. United States, 559 U.S. 133, 137 (2010)). If the statute punishes only actions that involve moral turpitude, then it is categorically a CIMT. See Matter of Ortega-Lopez, 26 I&N Dec. 99, 100 (BIA 2013). However, if a situation exists in which the relevant statute may apply to conduct that does not involve moral turpitude, the Court may not categorically treat all convictions arising under that statute as CIMTs. See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007).

When a statute is not categorically a CIMT, the Court must determine whether the statute is divisible. See U.S. v. Lockett, 810 F.3d 1262, 1266 (11 Cir. 2016). A statute is divisible "when a statute lists multiple, alternative elements, and so effectively creates 'several different . . . crimes[.]'" Descamps v., 570 U.S. 254 at 264 (quoting Nijhawan v. Holder, 557 U.S. 29, 41 (2009); see also Spaho v. United States, 837 F.3d 1172, 1177 (11th Cir. 2016) ("A state statute is divisible when it lists a number of alternative elements that effectively create several different crimes."). If the statute is not divisible, then the inquiry ends and there can be no finding of a CIMT. See Lockett, 810 F.3d at 1267; see also Fajardo, 659 F.3d at 1305–06. If the statute is divisible, and some of the alternative elements involve moral turpitude while other elements do not, the Court may then apply the modified categorical approach and analyze Respondent's record of conviction to determine which alternative element "formed the basis of the [respondent's] prior conviction." See Descamps, 570 U.S. at 257; see also Fajardo, 659 F.3d at 1305 (noting the record of conviction may include the charging document, verdict, plea agreement, and sentence); Silva-Trevino, 26 I&N Dec. at 833 ("In cases where the statute of conviction includes some crimes that involve moral turpitude and some that do not, adjudicators must determine if the statute is divisible and thus susceptible to a modified categorical analysis.").

Here, Respondent was convicted of two counts of Attempted Possession of Stolen Credit Card in violation of section 817.60(6)(a) of the Florida Statutes. See DHS NOF (May 22, 2026) at 14. Respondent's statute of conviction provides:

> A person who, with *intent to defraud* a purported issuer or a person or organization providing money, goods, services, or anything else of value or any other person, falsely makes, falsely embosses, or falsely alters in any manner a credit card or

> utters such a credit card or who, with *intent to defraud*, has a counterfeit credit card or any invoice, voucher, sales draft, or other representation or manifestation of a counterfeit credit card in his or her possession, custody, or control is guilty of credit card forgery and is subject to the penalties set forth in s. 817.67(2).

Fla. Stat. § 817.60(6)(a) (emphasis added).

Applying the first step of the categorical analysis, the Court finds that the least culpable conduct that has a realistic probability of resulting in a conviction under section 817.60(6)(a) of the Florida Statutes involves possessing a counterfeit credit card with intent to defraud. See id. With respect to the scienter element of a CIMT, section 817.60(6)(a) of the Florida Statutes requires specific "intent to defraud." Id. The Court finds that the intent to defraud satisfies the scienter element of a CIMT. See Matter of Louissaint, 24 I&N Dec. at 757.

As to the element of reprehensible conduct, controlling precedent clearly establishes that inherently fraudulent offenses are CIMTs. See Matter of Flores, 17 I&N Dec. 225, 228 (BIA 1980) (holding that where fraud is clearly an ingredient of a crime, it involves moral turpitude); Jordan v. DeGeorge, 341 U.S. 223, 232 (1951) (stating that a crime involving fraud necessarily involves moral turpitude); see also Walker v. U.S. Att'y Gen., 783 F.3d 1226, 1229 (11th Cir. 2015) (holding that a crime involving deceit is a crime involving moral turpitude); Itani v. Ashcroft, 298 F.3d 1213, 1215 (11th Cir. 2002) ("Generally, a crime involving dishonesty or a false statement is considered to be one involving moral turpitude"). The Court emphasizes that intent to defraud is embedded as an element in Respondent's statute of conviction, thereby encompassing reprehensible conduct. See Jordan, 341 U.S. at 227 ("A crime in which fraud is an ingredient involves moral turpitude"). As such, the Court finds that Respondent's conviction for two counts of Attempted Possession of Stolen Credit Card in violation of section 817.60(6)(a) of the Florida Statutes is categorically a CIMT. See Fla. Stat. § 817.60(6)(a).

The Court then turns to whether Respondent's convictions arise out of a single scheme of criminal misconduct. See INA § 237(a)(2)(A)(ii). The Board has held that an alien is removable under section 237(a)(2)(A)(ii) of the INA when he has "performed an act, which, in and of itself, constitutes a complete, individual, and distinct crime," and then "again commits such an act, even though one may closely follow the other, be similar in character, and even be part of an overall plan of criminal misconduct." See Matter of Adetiba, 20 I&N Dec. 506, 509 (BIA 1992) (holding that credit card fraud using names of different people during a period of time did not rise out of a single scheme even though the crimes were committed pursuant to an elaborate plan and the modus operandi was the same in each instance); see also Matter of Islam, 25 I&N Dec. 637, 639 (BIA 2011). Two offenses are not part of a single scheme when they are separate and distinct crimes and neither causes nor constitutes the other. See Hyacinthe v. U.S. Att'y Gen., 215 F. App'x 856, 862 (11th Cir. 2007) (citing Matter of Adetiba, 20 I&N Dec. at 506 and noting at least five other circuits have found this approach reasonable); see also Matter of Baez-Galindo, 29 I&N Dec. 1, 6 (BIA 2025) ("Two crimes involving moral turpitude, premised on separate turpitudinous acts with different objectives, neither of which was committed in the course of accomplishing the other, constitute separate schemes of criminal misconduct."). Furthermore, a single scheme "must take place at one time, meaning that there must be no substantial interruption." Matter of Islam, 25 I&N Dec. at 639-40 (quoting Matter of Adetiba, 20 I&N Dec. at 509-10, 512); see also Matter of Z-, 6

I&N Dec. 167 (BIA 1954) (holding that forging checks at different times, even though checks were payable to the same person, did not constitute a single scheme). Determining whether multiple crimes are part of a single scheme of criminal misconduct requires a circumstance-specific inquiry, where all relevant evidence may be consulted, rather than a categorical approach. Matter of Islam, 25 I&N Dec. at 641.

Applying the circumstance-specific inquiry mandated in controlling precedent, the record reflects that Respondent was convicted of two counts of Attempted Possession of Stolen Credit Card in violation of section 817.60(6)(a) of the Florida Statutes. See DHS NOF (May 22, 2026) at 14. More specifically, Count One of the Information alleges that Respondent committed the offense on November 30, 1998, and Count Five alleges that he committed the same offense a second time on April 28, 1999. See id. at 20, 24. The record of evidence therefore indicates that Respondent's criminal conduct took place on multiple occasions and during different periods of time. Like in Matter of Z- where the Board held that forging checks at different times, even if payable to the same person, did not constitute a single scheme, here, the Court finds that the multiple instances during which Respondent possessed two or more stolen or counterfeit credit cards did not constitute a single scheme. See Matter of Z-, 6 I&N Dec. at 167; see also DHS NOF (May 22, 2026) at 20, 24. The Court therefore finds that Respondent's conviction for two counts of Attempted Possession of Stolen Credit Cards do not arise out of a single scheme of criminal misconduct. See INA § 237(a)(2)(A)(ii). Accordingly, the Court sustains the charge of removability under section 237(a)(2)(A)(ii) of the INA by clear and convincing evidence. See INA § 240(c)(3)(A).

### B. Section 237(a)(3)(D) of the INA – False Representation of United States Citizenship

Section 237(a)(3)(D) of the INA provides that "[a]ny alien who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this Act . . . or any Federal or State law is deportable." INA § 237(a)(3)(D)(i). The Board has held "it is not necessary to show intent to establish that an alien is deportable for making a false representation of United States citizenship." Matter of Zhang, 27 I&N Dec. 569, 572 (BIA 2019). Thus, "[a]n alien need only falsely claim to be a United States citizen for any purpose or benefit under the Act or any Federal or State law to be deportable." Id.; see also Patel v. U.S. Att'y Gen., 917 F.3d 1319, 1332 (11th Cir. 2019) (holding that the respondent falsely represented himself to be a United States citizen for the purpose of obtaining a benefit under State law by falsely claiming United States citizenship on an application for a Georgia driver's license); Matute v. U.S. Att'y Gen., 354 Fed. App'x 426, 428 (11th Cir. 2009) (holding that the respondent falsely represented himself to be a United States citizen under section 237(a)(3)(D) of the INA when he filed a voter registration application falsely claiming United States citizenship).

Here, the Court finds that Respondent falsely represented himself to be a United States citizen for the purpose of obtaining a benefit under State law, rendering him removable under section 237(a)(3)(D) of the INA. See INA § 237(a)(3)(D)(i). As evidence thereof, the Department submitted a Certificate of Registration and Voting History from Orange County, Florida, dated November 7, 2023, reflecting that Respondent was registered to vote, a right reserved exclusively for United States citizens. See Exh. 2 at 11-12. The Department also submitted evidence of Respondent's application for a Florida driver's license, dated January 30, 2007, in which

Respondent falsely claimed to be a United States citizen. See id. at 13. Respondent argues that the Florida driver's license application is unreliable because it identifies Ghana, rather than Guyana, as his country of birth. See id. Even assuming that the reliability of the application is subject to question, the record independently establishes that Respondent registered to vote in Orange County, Florida, conduct that necessarily required a representation of United States citizenship. See id. at 11-12. As such, the Court finds that the evidence as a whole establishes that Respondent falsely represented himself to be a United States citizen for the purpose of obtaining a benefit under State or Federal law. See Matute, 354 Fed. App'x at 428. Accordingly, the Court sustains the charge of removability under section 237(a)(3)(D) of the INA by clear and convincing evidence. See INA § 240(c)(3)(A). Based on the foregoing, the Court denies Respondent's Motion to Terminate.

## V. NO RELIEF BEFORE THE COURT

As previously discussed, the Court has sustained both charges of removability set forth in the NTA by clear and convincing evidence. The Court further notes that, during the July 1, 2026, master calendar hearing, Respondent unequivocally stated that he would not be filing a Form EOIR-42A application for relief. Respondent represented that this decision was made knowingly, freely, and voluntarily. Respondent also affirmed that he did not fear returning to Guyana and did not intend to seek Asylum, Withholding of Removal, Protection under the Convention Against Torture (Form I-589), or any other form of fear-based relief. Accordingly, because Respondent has not sought any relief from removal and no application for relief remains pending, the Court will order Respondent removed to Guyana.

In light of the foregoing, the Court enters the following orders:

**ORDER OF THE IMMIGRATION JUDGE**

**IT IS HEREBY ORDERED** that the charge of removability pursuant to section 237(a)(2)(A)(ii) of the INA is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the charge of removability pursuant to section 237(a)(3)(D) of the INA is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Terminate be **DENIED**.

**IT IS FURTHER ORDERED** that Respondent be **REMOVED** to **GUYANA**.

**DATED** this 16th day of July, 2026

**Jorge L. Pereira**
**Immigration Judge**

**APPEAL RIGHTS**: A notice of appeal must be filed with the Board of Immigration Appeals within thirty calendar days of the mailing date of this decision. See 8 C.F.R. § 1003.38(b). If the final date for filing the notice of appeal occurs on a Saturday, Sunday, or federal holiday, the time period for filing will be extended to the next business day. See id. If the time period expires and no appeal has been filed, this decision becomes final. See 8 C.F.R. § 1003.38(d).

**APPEAL DUE:** August 17, 2026

**PLEASE NOTE**: The Court has ordered you removed from the United States. If you willfully fail or refuse to apply for the required travel documents to depart the United States, to present yourself for removal as instructed, to depart the United States as instructed, or to take any action, or conspire to take any action, to prevent or hamper your departure, you will be subject to a civil monetary penalty of not more than $998 per day you are in violation. See INA §§ 240(c)(5), 274D(a); 8 C.F.R. § 1240.13(d); 8 C.F.R. § 280.53(b)(14) (2025).

# EXHIBIT (11)

1

**U.S. Department of Justice**

Executive Office for Immigration Review

*Immigration Court*

*18201 SW 12th Street*
*Miami, FL. 33194*

**Name: RAYON SHERWIN PAYNE**

**A 041-189-506** **Date of Notice: August 28, 2026**

**REJECTED FILING**
**NOTICE TO DETAINED UNREPRESENTED RESPONDENT**

*On August 28, 2026, the Immigration Court received the attached documents from you. The Immigration Court is returning these documents to you. The documents are being returned to you because they were not correctly filed.*

*You can correct the mistake and return the documents to the Immigration Court. If you return the documents, you must return them promptly to the Immigration Court. You must also attach this rejection notice to the documents. In addition, you must give or mail a copy of your documents to the Department of Homeland Security, Office of the Chief Counsel. On your documents, you must state that you gave or mailed a copy to the Department of Homeland Security, Office of the Chief Counsel*

**Documents being rejected: THE KROME IMMIGRATION COURT ONLY HAS RECORDS STARTING FROM 03/04/2026 .**

**The Immigration Court is returning your documents because:**

☐ **No Name –** Your document is missing your name.

☐ **No A-Number –** Your document is missing your A-Number.

☐ **Incorrect Filing Location (Case at Court) –** This Immigration Court is not, at this time, the correct location to file your document. You should file your submission at:

☐ **Incorrect Filing Location (Case at BIA) –** This Immigration Court is not, at this time, the correct location to file your document. Our records indicate that the Board of Immigration Appeals is the correct location to file your document. The address is:

***Board of Immigration Appeals, Clerk's Office***
***5107 Leesburg Pike, Suite 2000***
***Falls Church, VA 22041***

☐ **Case not Pending** – The Immigration Court does not have a record of your case.

Please make sure that you have put your correct name and A-number on your documents.

If you did not put your correct name and A-number on your documents, you should correct the mistake and return the documents to the Immigration Court. Please read the instructions at the top of this notice.

If you did put your correct name and A-number on your documents, the Department of Homeland Security has not started your case with the Immigration Court. To start your case, the Department of Homeland Security must file a Notice to Appear with the Immigration Court. You cannot file documents with the Immigration Court until the Department of Homeland Security files a Notice to Appear with the Immigration Court.

☒ **Other: IF YOU WOULD LIKE A COPY OF YOUR ENTIRE EOIR FILE YOU MAY REQUEST A COPY OF ALL YOUR EOIR DOCUMENTS BY SUBMITTING A FOIA REQUEST. THIS IS THE FOIA LINK>https://foia.eoir.justice.gov/app/Home.aspx.**

***If you have any questions about how to file documents with the Immigration Court, you can find information in the Immigration Court Practice Manual at www.usdoj.gov/eoir.***

Certificate of Service

This document was served by: ☐ Mail ☐ Personal Service

To: ☒ Alien ☐ Alien c/o Custodial Officer ☐ Alien's Att/Rep ☒ DHS

Date: **8/28/26** By: Court Staff [signature]

Attachments: ☐ EOIR-33 ☐ EOIR-28 ☐ Legal Services List ☐ Other

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**KROME IMMIGRATION COURT, MIAMI FL.**

IN THE MATTER OF;
RAYON SHERWIN PAYNE
A-041-189-506
RESPONDENT.
_____________________________/

RECEIVED
DEPARTMENT OF JUSTICE
2026 AUG 28 PM 12: 19
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
U.S. IMMIGRATION COURT-KROME
MIAMI FLORIDA

**RESPONDENT'S MOTION TO PRESEVER THE COURT RECORD AND CONSTITUTIONAL VIOLATIONS FOR APPEAL AND FEDERAL COURT REVIEW.**

COMES NOW Rayon Sherwin Payne, Respondent in the above cause files this motion to preserve the record and constitutional violations for Appeal before the Broad of Immigration Appeal (BIA) and Federal Court review. I state the following;

**STATEMENT OF FACTS**

1. The Respondent was a order removed on January 12, 2004, by IJ at Miami Immigration Court, based on the charges listed in the July 30, 2003, NTA. On May 5, 2005, the Board of Immigration Appeal granted Respondent motion to reopen, and remanded the case back to the Immigration Judge for further proceedings, which was assigned the Bradenton Immigration Court. The Respondent had two proceedings before Immigration Judge Kevin Mchugh at the Bradenton Immigration Court in 2005, (1) Bond Proceedings, and (2) Removal proceedings. During which time Respondent was being held in the Orange County Jail from 2004 to 2005 on **NO BOND IMMIGRATION HOLD**, due to the prior Immigration deportation order.
2. The Respondent through Counsel appeared in the Bradenton Immigration Court to remove the **NO BOND HOLD** which was done on July 12, 2005, and Court terminated the BOND proceedings on the same day, and Respondent was released on Home Confinement from the Orange County Jail. **See Attached (1).**

3. On or around June 2006, the Bradenton Immigration Court closed and part of the Court's judicial records was transferred to Orlando, Fl, and Miami Fl.
4. On March 4, 2026, Respondent was arrested by ICE agents and Florida Highway Troopers, and charged with two charges from August 12, 2005, listing two Felonies 817.60(6)(a), and August 9, 2005, False Claim to United States Citizenship. and shortly after retain Counsel David Stoller.
5. On March 23, 2026, DHS counsel Rebecca Roque, uploaded documents that was served on Respondent Counsel electronically and on March 24, 2026, Respondent appeared at a bond hearing with Counsel, where DHS counsel Rebecca Roque, made arguments against Respondent bond by using his overturned convictions in Case #2001-CF-6009, and Case # 1999-CF-7826. Respondent's Counsel did not object to the use of the overturned conviction which prejudices Respondent.
6. On April 10, 2026, Respondent asked Counsel to withdraw from his case because the failure to object to DHS use of his overturned conviction was a clear constitutional due process violation which prejudices Respondent to a fair hearing. On April 13, 2026, Counsel filed his motion with the court and served Respondent with said motion.
7. On April 15, 2026, Respondent filed a motion to "Terminate proceedings and bar by Res Judicta" the motion was stamped "RECEIVED on 4/27/26 by court staff LVM". The Court staff made the following notation to the motion (a) The Received and CROSS OUT, and (b) Paragraph #5 of Respondent's motion the Staff wrote a X over it and initial. The staff also rejected the filing and checked the BOX "Incorrect Filing Location" stating that "Our records indicate that the **PHILADELPHIA IMMIGRATION COURT is the correct filing location. See Attached (2).**

8. On May 4, 2026, the court granted the motion withdraw, and proceeding to address the charges listed in the NTA, Respondent admitted to charges one through four, and denied allegations five and six. The court inquired if Respondent has any felony or crime which subjects him to deportation DHS said no. The court sustained "False claim to United States Citizenship" and asked former Counsel as a friend of the court how to proceeding, Respondent former counsel suggested that he would move for a cancelation for a "False claim to United States Citizenship" and the Court offered Respondent the **42A Relief**. The action by the court violated Respondent's due process right by allowing former Counsel to remain part of the proceedings and suggesting relief which the law does not provide any relief, the Court prejudice Respondent.
9. On May 14, 2026, the Respondent filed a "Renewed Motion for Bond" which the Court heard on June 15, 2026, and took no actions. **See Attached (3).**
10. On July 16, 2026, the court entered its order of Removal and on July 17, 2026, Respondent was served with said order which was 9 pages, and referenced exhibits.
11. On July 20, 2026, Respondent filed a motion to compel the missing exhibits, which the court complied on July 29, 2026, and for the first time Respondent saw Exhibits (Exh. 2 – Adm.) the documents were served on Respondent former Counsel electronically on March 23, 2026, which former Counsel never forward those document to Respondent after his withdrawal.
12. On July 29, 2026, Respondent filed a second motion to compel the documents in Exhibits (Exh. 2 – Adm.), which were either redacted or unreadable, as well the prior order terminating Removal proceeding. On August 10, 2026, the Court again served

Respondent with the following documents, which did not include the any of the requested documents.

## ARGUMENT

## IN SUPPORT OF RESPONDENT'S CONSTITUTIONAL VIOLATIONS BEFORE THE IMMIGRATION COURT

**A. Res Judicata**

1) To invoke *res judicata* the Eleventh Circuit has expressed to invoke *res judicata* a litigant must demonstrate the following (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. See *S. River Watershed All., Inc. v. Dekalb County, Ga.*, 69 F.4th 809, 815 n.1 (11th Cir. 2023) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)). The doctrine of *res judicata* also applies to administrative adjudications in the immigration context. Under the doctrine, a valid final judgment precludes a second suit between the same parties on the same claim when there was an opportunity to reach the merits in the first litigation. *Id.; see Medina v. I.N.S.*, 993 F.2d 499, 503 (5th Cir. 1993).

13. The purpose behind the doctrine of *res judicata* is that "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. See *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *see also Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

14. Respondent has always maintained in augments and in pleading before this Court that these proceedings are barred by *res judicata*, this was made clear during the July 1, 2026,

Respondent express to the Court that these proceeding were terminated on or about August 24, 2005, a fact DHS has not disputed. Here all the relevant facts and legal records are before the court, the demands of comity, continuity in the law, and essential justice *mandate* judicial invocation of the principles of *res judicata*. See *Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 662 (5th Cir. 2025). The Court cannot ignore the prior history,

15. The Court July 16, 2026, order "Procedural History" the Court stated *"The Board remanded the record to the Immigration Judge for further proceedings, after which the Immigration judge terminated removal proceedings. See id."* But did not state the date the 2005 Removal proceedings were terminated, or include the actual order. The action by the Court violated the Respondent constitutional due process rights and prejudice the Respondent because had the Court applied the procedural history *res judicata*, would applied and the outcome would have been different.

16. Respondent's prior removal proceedings involved his plea in Case #1999-CF-7826, to Florida Stat. 817.60(6)(A) and 817.03(4)(A)(3), which were two felonies, and was ordered deported under Section 237(a)(2)(A)(ii). The conviction was overturned. Respondent subsequent plea in the same case were to two misdemeanor Attempt Possession of Stolen Credit Card Fla. Stat. 777.04, 817.60(6)(A).

17. The *res judicata* doctrine is "a rule of fundamental and substantial justice, of public policy and of private peace," operating to protect defendants against duplicative litigation over the same claims, and may not be overridden based on equitable considerations. *Federated Dep't Stores*, 452 U.S. at 401. "The doctrine of *res judicata* is one of finality, See also, *Baptiste v. IRS*, 29 F.3d 1533, 1539 (11th Cir. 1994).

**B. Constitutional Violation and Prejudice**

18. The "right of access to the courts" requires States "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights." *Bounds v. Smith* 430 U.S. 817, 828 (1977), *modified on other grounds, Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Bourdon v. Loughren*, 386 F.2d 88, 92 (2d Cir. 2004). Here Respondent has been brought into Immigration proceedings, and the Immigration staff on two occasion has two steps to restrict Respondent's access to the court (1) On 4/27/2026, LVM court Staff stating that "**PHILADELPHIA IMMIGRATION COURT is the correct filing location**." And by the remarks made on the motion. **See Attached (2)**. And on another occasion court staff "JEP" did not file Respondent's motion into the Court file. **See attached (3).** The Respondent was prejudice because the Court staff action also the Court's hinders a complete record before the BIA and Federal Court review.See *Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir. 1991.

19. The law provides that all noncitizen are entitled to a full and fair in removal hearing under both the INA and the Due Process Clause of the Fifth Amendment. See *Matter of M-A-M-*, 25 I. & N. Dec. 474 (B.I.A. 2011), See also *Matter of R-C-R-*, 28 I. & N. Dec. 74, 77 (B.I.A. 2020) . The Respondent has not got a full and fairing hearing and that is the very record contains the violations and as outlined in this motion. The Respondent has been prejudice at every stage of these proceedings and substantial prejudice is not only present but now baked into the record, and the absence of the violations expressed herein, the outcome of these proceedings would have been different. See *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010).

## PRAYER FOR RELIEF

WHEREFORE Respondent Rayon Sherwin Payne requests the following relief;

A. Docket this motion and all attachments so that the appeal record before the BIA is complete for a proper review and,

B. The constitutional violations documented before this Court are preserved for Federal court review,

C. Any other relief the court deem just and proper.

Date: August 17, 2026

Respectfully,

Rayon Sherwin Payne, Pro Se

## CERTIFICATE OF SERVICE

I certified that a true and correct copy of this motion was served on Counsel for DHS at 18201 SW 12th St., Miami Fl 33194.

Date: August 17, 2026

Respectfully,

Rayon Sherwin Payne, Pro Se

# ATTACHED (1)

# ATTACHED (2)

**U.S. Department of Justice**

Executive Office for Immigration Review
Krome
*Immigration Court*

RAYON SHERWIN PAYNE
MIAMI FDC

18201 SW 12th Street
Miami, Fl 33194

**Name:** RAYON SHERWIN PAYNE
**A** 041-189-506

**Date of Notice:** 04/27/2026

## REJECTED FILING
## NOTICE TO ATTORNEY OR REPRESENTATIVE

*This notice is to inform you that the filing received by the Immigration Court on* 04/27/2026*, is being rejected for the reasons given below. We have returned your filing and all attachments for correction. If you are required to return the documents in paper form, you must return them promptly to the Immigration Court and serve a copy on the Department of Homeland Security. See Practice Manual Chapter 3.1(d)(i). If you are required to return the documents electronically, you must return them promptly to the Immigration Court using the ECAS online filing portal. You must also attach this rejection notice to documents that you are returning.*

**Documents being rejected:** MOTION TO TERMINATE

☐ **No Proof of Service** – The filing did not include a proof of service. An exact copy of your filing must be served on the opposing party. *See Practice Manual Chapter 3.2 and Appendix G.*

☐ **Improper Proof of Service** – The Proof of Service does not comply with the applicable requirements. *See Practice Manual Chapter 3.2 and Appendix G.*

☐ **Electronic Filing Required** – The Record of Proceeding (ROP) is an electronic ROP. You did not electronically submit this filing. *See 8 C.F.R. § 1003.31.*

☐ **No Fee Receipt, Other Proof of Payment, or Fee Waiver Request** – There is a fee required for this filing. The fee must be paid to the Department of Homeland Security. You did not provide a fee receipt, other proof of payment, or fee waiver request. *See Practice Manual Chapter 3.4.*

☐ **Fee Incorrectly Paid to Court** – You have attached a check or money order to this filing. The Immigration Court does not accept fees. For filings that require fees, you must submit the fee to the Department of Homeland Security. *See Practice Manual Chapter 3.4.*

☐ **No Name** – The filing is missing the respondent's name. *See Practice Manual Chapter 3.3 and Appendix F.*

☐ **No A-Number** – The filing is missing the respondent's A-number. *See Practice Manual Chapter 3.3 and Appendix F.*

☐ **No Notice of Entry of Appearance** – No Notice of Entry of Appearance (Form EOIR-28) has been filed indicating that you are the attorney or representative of record. Until you have filed a Form EOIR-28 with the court, you cannot represent this respondent before the court. *See Practice Manual Chapter 2.1.*

☑ **Other Counsel Entered** – A properly filed Form EOIR-28 indicates that the respondent is presently being represented by another attorney or accredited representative. The court cannot accept your Form EOIR-28 until you either file a motion to substitute or annotate your Form EOIR-28 to reflect an "on-behalf-of" appearance or an appearance as co-counsel, as appropriate. *See Practice Manual Chapter 2.3.*

☑ **Incorrect Filing Location (Case at Court)** – This Immigration Court is not, at this time, the correct filing location. Our records indicate that the PHILADELPHIA IMMI Immigration Court is the correct filing location. Immigration Court address can be found at **https://www.justice.gov/eoir/eoir-immigration-court-listing**.

☐ **Incorrect Filing Location (Case at BIA)** – This Immigration Court is not, at this time, the correct filing location. Our records indicate that the Board of Immigration Appeals is the correct filing location.

☐ **Case not Pending** – According to our records, this case is not pending before this Immigration Court, nor does it appear in our national computer database as pending before any Immigration Court. Please check the A-number and name of the respondent and/or contact the Department of Homeland Security regarding the filing of a Notice to Appear. The Immigration Court cannot schedule a hearing or take any action unless the Department of Homeland Security has filed the charging document with the Immigration Court.

☐ **Missing or Improper Signature** – The filing is not properly signed. Most filings require an original signature by the filing party. *See Practice Manual Chapter 3.3(b).*

☐ **No Translation or Improper Translation** – You did not provide an English translation for a foreign language document, or you provided an improper translation. *See Practice Manual Chapter 3.3(a).*

☐ **No Cover Page** – You did not provide a cover page. *See Practice Manual Chapter 3.3(c)(vi) and Appendix F.*

☐ **Not Two-Hole Punched** – The filing was not two-hole punched. *See Practice Manual Chapters 3.3(c)(iv) and 3.3(c)(viii).*

☐ **No Pagination** – The filing was not page-numbered. *See Practice Manual Chapter 3.3(c)(iii).*

☐ **No Proposed Order** – You filed a motion seeking a ruling but did not provide a proposed order. *See Practice Manual Chapter 5.2(b) and Appendix Q.*

☑ **Other:** THERE IS AN ATTORNEY ON THIS CASE. PLEASE CONTACT YOUR ATTORNEY.

***The Immigration Court Practice Manual may be found at www.justice.gov/eoir.***

Certificate of Service

This document was served by: ☑Mail ☐Personal Service
To: ☐Noncitizen ☐Noncitizen c/o Custodial Officer ☑ Noncitizen's Atty/Rep ☑DHS
Date: 04/27/20 By: Court Staff LVM
Attachments: ☐EOIR -33 ☐EOIR-28 ☐Legal Services List ☐Other

USCA Case #26-5126 Document #2194755 Filed: 09/22/2026 Page 76 of 124

UNITED STATES DEPT. OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT, MIAMI, FL.

DEPARTMENT OF JUSTICE
EOIR-KROME RECEIVED
DATE 4/27/26 BY LVH

IN THE MATTER OF:
RAYON SHERWIN PAYNE

CASE# A041-189-506

RESPONDENT

MOTION TO TERMINATE CURRENT PROCEEDINGS BAR BY RES JUDICATA

COMES NOW RESPONDENT RAYON SHERWIN PAYNE, IN THE ABOVE CAUSE MOVE THIS COURT FOR AN ORDER TERMINATING THE CURRENT REMOVEAL PROCEEDINGS, AND STATE THE FOLLOWINGS;

STATEMENT OF FACTS

(1) IN OR AROUND 2003 RESPONDENT WAS ORDER DEPORTED AS RESULTS OF TWO STATE CONVICTIONS.

(2) IN 2004 BOTH CONVICTIONS WERE OVERTURNED AS OF AND BASED ON RESPONDENT FILING OF POST CONVICTION MOTIONS. THE SAME YEAR RESPONDENT FILED A MOTION WITH THE BROAD OF IMMIGRATION APPEAL SEEKING RECONSIDERATION, THE MOTION WAS GRANTED AND THE DEPORTATION ORDER WAS VACATED.

(3) IN EARLY 2005 RESPONDENT'S STATE CASES WERE SETTLED IN HIS FAVOR WITH HIM NOT HAVING NO CONVICTION THAT SUBJECT HIM TO ANY DEPORTATION, AND THAT SAME YEAR THE IMMIGRATION COURT TERMINATED THE PROCEEDINGS.

(4) IN MID 2023 RESPONDENT APPLY FOR HIS CITIZENSHIP BY FILING A N-400 APPLICATION, AND AROUND NOVEMBER 7, 2024, THE APPLICATION WAS DENIED, CITING RESPONDENT 1999 CREDIT CARD CONVICTION WHICH WAS OVERTURNED 20 YEARS EALIER. THE RESPONDENT THEN FILED AN N-336 APPEAL AND SUBMITTED COURT CERTIFIED COPY SHOWING THAT THE CONVICTIONS WERE OVERTURNED.

(5) USCIS CONDUCTED AN INTERVIEWED ON RESPONDENT N-336, AND SHORTLY AFTER CLOSED THE N-336 WITHOUT MAKING A RULING AND RETAINING THE FILING FEE. USCIS THEN REOPENED THE CLOSED N-400 AND TOOK NO ACTION.

(6) THE RESPONDENT THEN FILED A PETITION WITH THE D.C. DIST. COURT UNDER 8.U.S.C. 1447(b), AFTER 120 DAYS OF NO ACTION FROM USCIS.

(7) THE DISTRICT COURT TRANSFERED CASE TO THE MID. DIST. OF FLORIDA, WHERE THE CASES WAS DOCKETED, AND LATER DISMISSED, BUT NOT BEFORE RESPONDENT FILED A RULE 60b MOTION IN THE D.C. DISTRICT COURT CHALLENGING THE TRANSFER.

(8) THE CASE IS CURRENTLY PENDING AT THE D.C CIRCUIT UNDER CASE # 25-5355.

(9) ON MARCH 6, 2026, RESPONDENT WAS ARRESTED BY ICE AND PLACED IN REMOVAL PROCEEDING AS RESULT OF THE TWO CONVICTIONS WHICH WERE OVERTURNED 20 YEARS AGO, AND WAS THE SUBJECT OF PRIOR DEPORTATION PROCEEDINGS.

ARGUMENT ON MERITS.
AND LEGAL POINTS / AUTHORITES

10) IN REMOVAL PROCEEDINGS, DHS HAS THE BURDEN OF ESTABLISHING BY CLEAR AND CONVINCING EVIDENCE THAT THE RESPONDENT IS SUBJECT TO DEPORTATION UNDER INA 240(c)(3)(A), 8 U.S.C 1229a(c)(3)(A) (2018); 8 C.F.R 1240.8(a) 2023: ACCORD MATTER OF THOMAS AND THOMPSON, 27 I. & N. DEC. 674, 690 (A.G. 2019).

2) REMOVABILITY UNDER SECTION 237 OF THE INA, 8. U.S.C. 1227 REQUIRE DHS TO SHOW THAT THE RESPONDENT HAS BEEN CONVICTED OF CRIMINAL OFFENSES. HERE IN THE PRESENT CASE DHS NOT ONLY CAN'T PROVE THE ALLEGATIONS BUT HAS ~~HAS~~ USED ~~AND~~ AN ADMINISTRATIVE WARRANT TO ARREST RESPONDENT STRIPPED ME OF FREEDOM AND USED OVERTURNED CONVICTIONS TO DO IT. DHS IS DOING THIS KNOWING VERY WELL THAT RESPONDENT ISN'T AND DOES NOT HAVE ANY CONVICTION WHICH SUBJECT HIM TO DEPORTATION, BECAUSE BOTH PARTIES WERE PART OF THE PRIOR PROCEEDINGS AND THE FACTS ARE CONTAIN IN THE FILE.

(12) The common law principle of res judicata bar DHS from bring this subsequent because its barred it involves the same claim and nucleus of operative facts see Channer v. Dept. of HomeLand Sec., 527 F.3d 275, 279 (2d Cir 2008) see also Winget v. J.P Morgan Chase Bank, N.A., 537 F.3d 565, 577-78 (6th Cir. 2008).

(13) The Supreme Court has stated the res judicata is therefold: "it limits "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of innconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54, 99 S.Ct 970, 59 L.Ed. 2d 210 (1979) see also B&B Hardware, Inc. v Hargis Industries, Inc. 135 S.Ct. 1293, 1302-03, 191 L.Ed 222 (2015).

(14) Res Judicata not only apply in the present case but in the administrative law contect. see Astoria Fed. Sav. and Loan Ass'n v. Solimion, 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed. 2d 96 (1991). Many circuit courts have considered the application of res judicata in administrative proceedings that the doctrine applies more flexibly in that context than it does in judicial proceedings.



USCA Case #26-5126 Document #2194755 Filed: 09/02/2026 Page 79 of 124

USCA Case #26-5126 Document #2194755 Filed: 09/22/2026 Page 80 of 124

# CONCLUSION

BASED ON THE EXPRESS HEREIN RESPONDENT'S CONSTITUTIONAL RIGHTS ARE NOT ONLY BEING VIOLATED, BUT HIS FREEDOM [illegible] BECAUSE DHS HAS ARRESTED ME AND USED OVERTURED CONVICTIONS TO DO IT AND DONE SO KNOWINGLY BECAUSE THEIR IN POSSION OF THE FILE WHICH CONTAIN OVERTURNED CONVICTION. NOW IF THE GOVERMENT CAN BE IN CONSTROL OF INFORMATION OF RESPONDENT INNOCENCE AND STILL DETAIN HIM THAT ISN'T JUSTICE. BASED ON THE EXPRESS HEREIN I RESPECTFULLY ASK THIS COURT TO TERMINAT THESE PROCEEDINGS.

DATE: 4/15/2026

RESPECTFULLY

[signature]

RAYON S. PAYNE

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THIS MOTION WAS SENT TO ALL PARTIES VIA U.S. MAIL.

(1) KROME IMMIGRATION COURT. 18201 S.W. 12th ST
MIAMI, FL 33194

(2) CHIEF COUNSEL DHS. - 18201 S.W. 12th ST
MIAMI, FL 33194

YOURS TRULY.

[signature]

RAYON PAYNE

# Exhibit 1

CASE SUMMARY

# CASE SUMMARY

## CASE NO. 1999-CF-007826-A-O

STATE OF FLORIDA - VS - PAYNE, RAYON SHERWIN

| | |
|---|---|
| Location: | Div 15 |
| Judicial Officer: | Craner, A James |
| Filed on: | 06/07/1999 |
| Case Number History: | |
| Inmate Booking Number: | 01199937<br>01025291<br>01053437 |
| Uniform Case Number: | 481999CF007826000AOX |

### CASE INFORMATION

Case Type: **Criminal Felony**
Case Flags: **Collection Program**

| Offense | Statute | Deg | Date |
|---|---|---|---|
| Jurisdiction: Orange County | | | |
| 001. CREDIT CARD FORGERY (Attempt)<br>OBTS: 0011563235 Sequence: 001 | 817.60(6)(A) | FDM | 11/30/1998 |
| *Filed As:* CREDIT CARD FORGERY | 817.60(6)(A) | TDF | 06/07/1999 |
| Arrest: 06/04/1999 ZCONVOPD - Orlando Police Department | | | |
| 002. FRAUDULENT USE OF CREDIT CARD<br>OBTS: 0011563235 Sequence: 002 | 817.61 | TDF | 11/30/1998 |
| Arrest: 06/04/1999 ZCONVOPD - Orlando Police Department | | | |
| 003. FRAUDULENT USE OF CREDIT CARD<br>OBTS: 0011563235 Sequence: 003 | 817.61 | TDF | 11/30/1998 |
| Arrest: 06/04/1999 ZCONVOPD - Orlando Police Department | | | |
| 004. THEFT<br>OBTS: 0011563235 Sequence: 004 | 812.014(2)(C)(3) | TDF | 11/30/1998 |
| 005. CREDIT CARD FORGERY (Attempt)<br>OBTS: 0011563235 Sequence: 005 | 817.60(6)(A) | FDM | 04/28/1999 |
| *Filed As:* CREDIT CARD FORGERY | 817.60(6)(A) | TDF | 06/07/1999 |
| 006. CREDIT CARD FORGERY<br>OBTS: 0011563235 Sequence: 006 | 817.60(6)(A) | TDF | 05/11/1999 |
| 007. CREDIT CARD FORGERY<br>OBTS: 0011563235 Sequence: 007 | 817.60(6)(A) | TDF | 05/27/1999 |
| 008. THEFT<br>OBTS: 0011563235 Sequence: 008 | 812.014(2)(C)(1) | TDF | 05/27/1999 |
| 009. CREDIT CARD FORGERY<br>OBTS: 0011563235 Sequence: 009 | 817.60(6)(A) | TDF | 04/30/1999 |
| 010. THEFT<br>OBTS: 0011563235 Sequence: 010 | 812.014(2)(C)(1) | TDF | 04/30/1999 |
| 011. CR-PETIT THEFT<br>OBTS: 0011563235 Sequence: 011 | 812.014(3)(A) | SDM | 06/04/1999 |
| 012. SCHEME TO DEFRAUD<br>OBTS: 0011563235 Sequence: 012 | 817.034(4)(A)(3) | TDF | 11/30/1998 |

**Related Cases**
2019-DR-015895-O (Related Case)

| DATE | CASE ASSIGNMENT |
|---|---|
| | |

**Current Case Assignment**

| | |
|---|---|
| Case Number | 1999-CF-007826-A-O |
| Court | Div 15 |
| Date Assigned | 01/01/2026 |
| Judicial Officer | Craner, A James |

# CASE SUMMARY

## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| | *NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY* |
| 07/29/1999 | Demand for Discovery<br>*DEMAND FOR DISCOVERY AND DISCLOSURE FILED* |
| 07/29/1999 | Demand for Disclosure<br>*DEMAND FOR DISCLOSURE OF CRIMINAL RECORDS* |
| 09/30/1999 | Image<br>*Motion to Withdraw As Counsel* |
| 09/30/1999 | Motion to Withdraw<br>*MOTION TO WITHDRAW ATTY. LONGWELL, M* |
| 11/04/1999 | Image<br>*Information* |
| 11/04/1999 | Information Filed<br>*INFORMATION FILED* |
| 11/08/1999 | Image<br>*Change of Address* |
| 11/10/1999 | **Arraignment** (8:45 AM)<br>*WRITTEN PLEA NOT GUILTY* |
| 11/10/1999 | Image<br>*Minutes/Order* |
| 11/10/1999 | Image<br>*Order Setting Disposition/Plea* |
| 11/10/1999 | Notice for Trial<br>*NOTICE OF TRIAL RTN:[01/03/2000] 9:00 A.M.* |
| 11/10/1999 | Notice for Pre-Trial<br>*NOTICE FOR PRETRIAL RET: [12/21/1999] 9:30 A.M.* |
| 11/10/1999 | In Open Court<br>*IN OPEN COURT WPNG* |
| 11/10/1999 | Written Plea of Not Guilty<br>*WRITTEN PLEA OF NOT GUILTY ENTERED PREV* |
| 11/10/1999 | Sentence Guidelines Score Sheet<br>*SENTENCE GUIDLINES SCORE SHEET/ORD* |
| 11/10/1999 | Court Minutes<br>*COURT MINUTES FILED* |
| 11/24/1999 | Image<br>*Motion to Advance Cause* |
| 11/24/1999 | Motion<br>*ST'S M/ADVANCE CAUSE FILED* |
| 12/02/1999 | Image |

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Witness List* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Unserved* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | Image<br>*Subpoena Served* |
| 12/09/1999 | State's Witness List<br>*STATE'S WITNESS LIST FILED* |
| 12/13/1999 | **Trial (9:00 AM)** |

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 12/22/1999 | Image<br>*Amended Witness List* |
| 12/22/1999 | Image<br>*Subpoena Unserved* |
| 12/22/1999 | State's Witness List<br>*STATE'S WITNESS LIST FILED AMENDED* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Unserved* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/27/1999 | Image<br>*Subpoena Served* |
| 12/28/1999 | Image<br>*Subpoena Served* |
| 12/28/1999 | Image<br>*Subpoena Served* |
| 12/28/1999 | Image<br>*Subpoena Unserved* |
| 12/28/1999 | |

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| | *Order Setting Disposition/Plea* |
| 01/19/2000 | Determination of Counsel Set<br>*NOTICE DETERM. OF COUNSEL RTN * 03/02/2000 8:30 A.M.* |
| 01/19/2000 | In Open Court<br>*IN OPEN COURT DETERM OF COUNSEL* |
| 01/19/2000 | Reset<br>*RESET DETERM OF COUNSEL* |
| 01/19/2000 | Court Minutes<br>*COURT MINUTES FILED* |
| 02/11/2000 | Image<br>*Subpoena List* |
| 02/11/2000 | Subpoena Issued<br>*SUBP ISSUED* RET: 03/13/2000 (SA) (01) 09:00a.m.*<br>Amount: 4.00 |
| 02/16/2000 | Image<br>*Subpoena Served* |
| 03/02/2000 | **Arraignment** (8:30 AM)<br>*DETERM OF COUNSEL PTD: 3/9/00; TD: 3/13/00* |
| 03/02/2000 | Image<br>*Application For Appointment of Counsel* |
| 03/02/2000 | Image<br>*Order Declaring Indigent and Appointing Counsel* |
| 03/02/2000 | Image<br>*Minutes/Order* |
| 03/02/2000 | In Open Court<br>*IN OPEN COURT DETERMINATION OF COUNSEL* |
| 03/02/2000 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED* |
| 03/02/2000 | Order of Insolvency<br>*ORDER OF INSOLVENCY APPOINTING PD* |
| 03/02/2000 | Affidavit of Insolvency and Indigency<br>*AFFI OF INSOLVENCY FILED ANY DOCUMENTATION ATTACH*<br>Amount: 2.00 |
| 03/02/2000 | DERP Fee Imposed<br>*DERP FEE OF $40 IMPOSED DUE WITHIN 10 DAYS* |
| 03/02/2000 | Court Minutes<br>*COURT MINUTES FILED* |
| 03/09/2000 | **Pre-Trial Conference** (9:30 AM) |
| 03/09/2000 | |

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 03/09/2000 | Plea of Not Guilty Withdrawn<br>*PLEA OF NOT GUILTY WITHDRAWN* |
| 03/09/2000 | Plea of Nolo Contendere Entered<br>*PLEA OF NOLO CONTENDERE ENTERED CT1&12 AS CHARGED* |
| 03/09/2000 | Adjudicated Guilty<br>*ADJUDICATED GUILTY* |
| 03/09/2000 | Sent:<br>*SENTENCE CT1&12 1DY OCJ T/S F/B 5YRS PROB W/CONDS, PROB TO RUN CONSE PAY CC* |
| 03/09/2000 | Nolle Prosequi<br>*NOLLE PROSEQUI CT2-11 FILED* |
| 03/09/2000 | Judgment Recorded & Filed<br>*JUDGEMENT RECORDED AND FILED* |
| 03/09/2000 | Restitution Order<br>*RESTITUTION ORDER FILED (6)* |
| 03/09/2000 | Sentence Guidelines Score Sheet<br>*SENTENCE GUIDLINES SCORE SHEET FILED* |
| 03/09/2000 | Plea<br>*PLEA FILED* |
| 03/09/2000 | Final Judgment<br>*FINAL JUDGMENT RE: FEES RECORDED AND FILED* |
| 03/09/2000 | Order of Probation<br>*ORDER OF PROBATION FILED* |
| 03/09/2000 | Order for Cost, Charges and or Fees<br>*ORDER FOR COST/CHARGES/FEES* |
| 03/09/2000 | Court Minutes<br>*COURT MINUTES FILED* |
| 03/13/2000 | **Trial** (9:00 AM) |
| 03/23/2000 | Image<br>*Bond Discharged* |
| 03/23/2000 | Bond Discharged<br>*BOND DISCHARGED* |
| 04/19/2000 | Image<br>*Order* |
| 04/19/2000 | Order<br>*ORDER GRANTING RETURN OF ALL PROPERTY FILED* |
| 05/09/2000 | Copy or Copies Charged<br>*COPY/COPIES CHARGED/SA 6*<br>Amount: 6.00 |

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 06/27/2001 | In Open Court<br>*IN OPEN COURT WPNG AS TO VOP* |
| 06/27/2001 | Court Minutes<br>*COURT MINUTES FILED* |
| 06/27/2001 | Hearing Date Set<br>*NOTICE-VIO PROB HEARING RTN:[09/12/2001] 9:30 A.M.* |
| 06/28/2001 | Image<br>*Order on Motion to Set Bond* |
| 06/28/2001 | Order<br>*ORDER RE: BOND FILED/GRANTED MOTION TO SET V.O.P. BOND-SET AT $5,000.* |
| 07/03/2001 | Image<br>*Demand for Discovery* |
| 07/03/2001 | Demand for Discovery<br>*DEMAND FOR DISCOVERY FILED & DISCLOSURE OF BRADY MATERIAL* |
| 07/05/2001 | Image<br>*Bond Filed* |
| 07/05/2001 | Per the Court:<br>*BLANDING BAIL BONDS RTN TBN $5,000* |
| 09/12/2001 | **Hearing (9:30 AM)**<br>*VOP HRG* |
| 09/12/2001 | Image<br>*Notice* |
| 09/12/2001 | Image<br>*Minutes/Order* |
| 09/12/2001 | Hearing Date Set<br>*NOTICE-VIO PROB HEARING RTN:[11/07/2001] 9:30 A.M.* |
| 09/12/2001 | In Open Court<br>*IN OPEN COURT VOP HEARING* |
| 09/12/2001 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED* |
| 09/12/2001 | Appearance of Attorney Entered<br>*APPEAR. OF ATTORNEY ENTERED M DICIEMBRE* |
| 09/12/2001 | Order<br>*ORDER GRANTED* |
| 09/12/2001 | Court Minutes<br>*COURT MINUTES FILED* |
| 10/18/2001 | Image<br>*Motion to Consolidate* |

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 12/11/2001 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED* |
| 12/11/2001 | Appearance of Attorney Entered<br>*APPEAR. OF ATTORNEY ENTERED M DICIEMBRE* |
| 12/11/2001 | Court Minutes<br>*COURT MINUTES FILED* |
| 12/12/2001 | Image<br>*Arrest Affidavit* |
| 12/12/2001 | Arrest Affidavit<br>*ARREST AFFIDAVIT FILED - DOA [12/11/2001]* |
| 12/14/2001 | Image<br>*2nd Motion to Set Bond* |
| 12/14/2001 | Image<br>*Order on 2nd Motion to Set Bond* |
| 12/14/2001 | Image<br>*Notice* |
| 12/14/2001 | Order<br>*ORDER RE: BOND FILED DENIED* |
| 12/14/2001 | Motion<br>*MOTION DEFTS SECOND TO SET VOP BOND* |
| 12/14/2001 | Notice for Pre-Trial<br>*NOTICE FOR PRETRIAL RET: [03/19/2002] 9:00 A.M.* |
| 12/14/2001 | Notice for Trial<br>*NOTICE OF TRIAL RTN:[04/01/2002] 9:00 A.M.* |
| 12/18/2001 | Image<br>*2nd Motion to Set Bond* |
| 12/18/2001 | Motion to Reduce, Modify, or Set Bond<br>*MOTION RE BOND VOP FILED (SECOND)* |
| 12/20/2001 | Image<br>*Amended Arrest Warrant Served* |
| 12/20/2001 | Image<br>*Recommitment to Custody* |
| 12/20/2001 | Per the Court:<br>*COPY OF BLANDING BAIL BONDS ENDORSED 12/19/01* |
| 12/20/2001 | Warrant Returned<br>*WARRANT RETURNED FILED EXECUTED AMENDED* |
| 01/03/2002 | Image<br>*Amended Affidavit Violation of Probation* |

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 02/20/2002 | Image<br>*Order on Motion to Reinstate Bond* |
| 02/20/2002 | Order<br>*ORDER ON MOTION TO REINSTATE VOP BOND GRANTED* |
| 03/01/2002 | Image<br>*Bond Filed* |
| 03/01/2002 | Bond Filed<br>*CASH BOND FILED RET TBN $5,000 #75490* |
| 03/19/2002 | **Pre-Trial Conference** (9:00 AM)<br>*PRETRIAL* |
| 03/19/2002 | Image<br>*Minutes/Order* |
| 03/19/2002 | Image<br>*Order Setting Disposition/Plea* |
| 03/19/2002 | Notice for Pre-Trial<br>*NOTICE FOR PRETRIAL RET: [05/14/2002] 9:00 A.M.* |
| 03/19/2002 | Notice for Trial<br>*NOTICE OF TRIAL RTN:[05/20/2002] 9:00 A.M.* |
| 03/21/2002 | Image<br>*Order Granting Motion for Travel Permit* |
| 03/21/2002 | Order<br>*ORDER RE: MOTION FOR TRAVEL PERMIT (GRANTED)* |
| 03/22/2002 | Image<br>*Motion for Travel Permit* |
| 03/22/2002 | Motion<br>*MOTION FOR TRAVEL PERMIT* |
| 04/01/2002 | *CANCELED* **Trial** (9:00 AM)<br>*Cancelled*<br>*TRIAL* |
| 05/14/2002 | **Pre-Trial Conference** (9:00 AM) |
| 05/20/2002 | **Trial** (9:00 AM) |
| 06/26/2002 | Image<br>*Notice* |
| 06/26/2002 | Hearing Date Set<br>*NOTICE-VIO PROB HEARING RTN:[08/26/2002]* |
| 06/26/2002 | Hearing Date Set<br>*NOTICE-VIO PROB HEARING RTN:[08/26/2002] 9:00 A.M.* |

# CASE SUMMARY

## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| | *Motion to Withdraw Plea* |
| 09/24/2002 | Motion<br>*MOTION TO WITHDRAW PLEA* |
| 09/26/2002 | Notice of Appeal<br>*NOTICE OF APPEAL RECORDED AND FILED* |
| 09/27/2002 | Image<br>*Motion to Withdraw Plea* |
| 09/27/2002 | Image<br>*Order* |
| 09/27/2002 | Order<br>*ORDER DENIED RE: DEF'S MOTION TO WITHDRAW PLEA* |
| 09/27/2002 | Motion<br>*MOTION TO WITHDRAW PLEA* |
| 10/04/2002 | Image<br>*Uniform Commitment to Custody* |
| 10/04/2002 | Uniform Commitment & Receipt<br>*UNIFORM COMMITMENT & RECEIPT FILED* |
| 10/10/2002 | Image<br>*Amended Notice of Appeal* |
| 10/16/2002 | Per the Court:<br>*AMENDED NOTICE OF APPEAL FILED AND RECORDED* |
| 10/18/2002 | Image<br>*Transcripts* |
| 10/18/2002 | Transcript<br>*TRANSCRIPT FILED (PLEA & SENTENCING, 3/9/00) 1 ORG* |
| 10/21/2002 | Image<br>*5DCA Acknowledgment of New Case* |
| 10/21/2002 | Acknowledgment of Appeal<br>*ACKNOWLEDGMENT OF APPEAL FILEDW/5D02-3249* |
| 12/02/2002 | Image<br>*Index to Trial* |
| 12/02/2002 | Image<br>*Index to Record on Appeal* |
| 12/02/2002 | Record on Appeal Mailed<br>*RECORD ON APPEAL MAILED*<br>Amount: 687.00 |
| 12/02/2002 | Postage Charged<br>*POSTAGE CHARGED* |

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 12/09/2003 | Image<br>*Order Denying Motion to Vacate* |
| 12/09/2003 | Image<br>*Order Denying Motion to Vacate* |
| 12/09/2003 | Order<br>*ORDER DENYING MOTION TO VACATE AND SET ASIDE JUDGMENT AND SENTENCE* |
| 01/13/2004 | Image<br>*Notice of Appeal* |
| 01/13/2004 | Image<br>*Notice of Appeal* |
| 01/13/2004 | Image<br>*Statement of Judicial Acts* |
| 01/13/2004 | Notice of Appeal<br>*NOTICE OF APPEAL RECORDED AND FILED/3.850 WITHOUT*<br>Amount: 50.00 |
| 01/13/2004 | Statement of Judicial Acts<br>*STATEMENT OF JUDICAL ACTS FILED*<br>Amount: 0.00 |
| 01/13/2004 | Copy or Copies Charged<br>*COPY/COPIES CHARGED/PRO SE (2)*<br>Amount: 2.00 |
| 01/26/2004 | Record on Appeal Mailed<br>*RECORD ON APPEAL MAILED/3.850 WITHOUT*<br>Amount: 128.00 |
| 01/26/2004 | Postage Charged<br>*POSTAGE CHARGED*<br>Amount: 13.98 |
| 01/30/2004 | Image<br>*Certified Mail Receipt* |
| 02/03/2004 | Image<br>*5DCA Acknowledgment of New Case* |
| 02/03/2004 | Acknowledgment of Appeal<br>*ACKNOWLEDGMENT OF APPEAL FILED/5D04-321* |
| 04/21/2004 | Image<br>*5DCA Opinion Filed* |
| 04/21/2004 | Image<br>*5DCA Mandate* |
| 04/21/2004 | Mandate Affirmed<br>*MANDATE AFFIRMED FILED AND RECORDED* |

# CASE SUMMARY

## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 07/09/2004 | Image<br>*Notice of Appeal* |
| 07/09/2004 | Image<br>*Notice of Appeal* |
| 07/09/2004 | Notice of Appeal for Order for Post Conviction (3.850 W/O)<br>*APPEAL/POST CONVICTION (3.850 W/0)* |
| 07/17/2004 | Record on Appeal Mailed<br>*RECORD ON APPEAL MAILED* |
| 07/30/2004 | Image<br>*5DCA Acknowledgment of New Case* |
| 07/30/2004 | Acknowledgment of Appeal<br>*ACKNOWLEDGMENT OF APPEAL FILED 5D04-2460* |
| 12/10/2004 | Image<br>*Notice of Discovery* |
| 12/10/2004 | Image<br>*Demand for Favorable and Impeachment Information* |
| 12/10/2004 | Image<br>*Notice of Appearance* |
| 12/10/2004 | Notice of Appearance<br>*NOTICE OF APPEARANCE FILED(3.850 HRG)-TERRENCE E.KEHOE* |
| 12/10/2004 | Notice of Discovery<br>*NOTICE OF DISCOVERY FILED-3.850 HRG* |
| 12/10/2004 | Per the Court:<br>*DEMAND FOR FAVORABLE AND IMPEACHMENT INFORMATION-3.850 HRG* |
| 12/15/2004 | Image<br>*5DCA Mandate* |
| 12/15/2004 | Image<br>*5DCA Opinion Filed* |
| 12/15/2004 | Mandate<br>*MANDATE REVERSED & REMANDED* |
| 01/06/2005 | Image<br>*Notice of Hearing* |
| 01/06/2005 | Notice of Hearing<br>*NOTICE OF HEARING FILED: <MM/DD/YY> @ 01/27/2005 01:45 P.M.* |
| 01/07/2005 | Image<br>*Praecipe for Subpoena* |
| 01/07/2005 | Subpoena Issued |

# CASE SUMMARY

## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| | *MOTION TO SET BOND IS FILED*<br>Amount: 0.00 |
| 02/11/2005 | Image<br>*Notice of Hearing* |
| 02/11/2005 | Image<br>*Notice of Hearing* |
| 02/11/2005 | Notice of Hearing<br>*NOTICE OF HEARING FILED: <MM/DD/YY> @ 02/17/2005 08:30 A.M.* |
| 02/15/2005 | Image<br>*Amended Notice of Hearing* |
| 02/15/2005 | Image<br>*Motion to Declare Indigent* |
| 02/15/2005 | Notice of Hearing<br>*AMENDED NOTICE OF HEARING FILED: <MM/DD/YY> @ 02/17/2005 08:30 A.M.* |
| 02/15/2005 | Motion<br>*MOTION TO FIND DEFENDANT INDIGENT FOR COST*<br>Amount: 0.00 |
| 02/17/2005 | **Hearing** (8:30 AM)<br>*M' TO SET REASONABLE BOND* |
| 02/17/2005 | **Hearing** (8:30 AM)<br>*M' SET REASONABLE BOND M' TO DECLARE DERF INDIGENT FOR COSTS* |
| 02/17/2005 | Image<br>*Minutes/Order* |
| 02/17/2005 | Image<br>*Affidavit for Criminal Indigent Status* |
| 02/17/2005 | Image<br>*Notice of Hearing* |
| 02/17/2005 | Image<br>*Motion to Declare Indigent* |
| 02/17/2005 | Image<br>*Amended Notice of Hearing* |
| 02/17/2005 | In Open Court<br>*IN OPEN COURT HEARING MOTION TO DECLARE DEFT INDIGENT* |
| 02/17/2005 | Counsel Only Appeared<br>*COUNSEL ONLY APPEARED* |
| 02/17/2005 | Defense Witness Sworn and Testified<br>*DEFENSE WITNESS SWORN AND TESTIFIED DEFENDANT* |
| 02/17/2005 | Motion |

CASE SUMMARY



| | |
|---|---|
| 03/08/2005 | Image<br>*Motion to Modify Conditions of Release* |
| 03/08/2005 | Order<br>*ORDER ON MOTION TO MODIFY CONDS OF RELEASE GRANTED (JURIS MONITOR COND OF REL IS REPLACED W/HOME CONFINEMENT COND OF REL REQUIRING MONITORING BY ANKLE BRACELET, ALL OTHER CONDS REMAIN IN EFFECT)* |
| 03/08/2005 | Correspondence<br>*CORRESPONDENCE FILED FROM ATTY TERRENCE E. KEHOE TO JUDGE DATED 2/28/05 RE: MOTION TO MODIFY CONDITIONS OF RELEASE* |
| 03/08/2005 | Motion<br>*MR. PAYNE'S MOTION TO MODIFY CONDITIONS OF RELEASE* |
| 03/21/2005 | **Hearing (8:45 AM)**<br>*STATUS* |
| 03/21/2005 | Image<br>*Minutes/Order* |
| 03/21/2005 | Image<br>*Motion to Continue* |
| 03/21/2005 | Image<br>*Order on Motion to Continue* |
| 03/21/2005 | In Open Court<br>*IN OPEN COURT HEARING STATUS* |
| 03/21/2005 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED*<br>Amount: 0.00 |
| 03/21/2005 | Appearance of Attorney Entered<br>*APPEAR. OF ATTORNEY ENTERED* |
| 03/21/2005 | Defense Motion to Continue<br>*DEFENSE MOTION TO CONTINUE* |
| 03/21/2005 | Order for Continuance Granted<br>*ORDER FOR CONTINUANCE FILED GRANTED* |
| 03/21/2005 | Per the Court:<br>*JA TO SET ON JUNE DOCKET* |
| 03/21/2005 | Court Minutes<br>*COURT MINUTES FILED* |
| 03/22/2005 | Image<br>*Notice* |
| 03/22/2005 | Notice for Pre-Trial<br>*NOTICE FOR PRETRIAL RET: <05/31/2005> 09:00 A.M.* |
| 03/22/2005 | Notice for Trial<br>*NOTICE OF TRIAL RTN:<06/06/2005> 09:00 A.M.* |

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 05/20/2005 | Image<br>*Subpoena Served* |
| 05/20/2005 | Image<br>*Subpoena Served* |
| 05/25/2005 | Image<br>*Supplemental State Witness List* |
| 05/25/2005 | Subpoena Issued<br>*SUBP ISSUED* RET: 06/06/2005 (SA) (0001) 09:00a.m.*<br>Amount: 0.00 |
| 05/25/2005 | State's Witness List<br>*SUPPLEMENTAL STATE WITNESS LIST FILED*<br>Amount: 0.00 |
| 05/26/2005 | Image<br>*Subpoena List* |
| 05/26/2005 | Image<br>*Motion to Dismiss* |
| 05/26/2005 | Image<br>*Reciprocal Discovery Response* |
| 05/26/2005 | Image<br>*Motion to Strike* |
| 05/26/2005 | Image<br>*Motion for Statement of Particulars* |
| 05/26/2005 | Image<br>*Motion to Suppress Evidence* |
| 05/26/2005 | Image<br>*Motion to Dismiss* |
| 05/26/2005 | Defendant's Reciprocal Discovery<br>*DEFT'S RECIPROCAL DISCOVERY RESPONSE FILED* |
| 05/26/2005 | Motion to Suppress<br>*MOTION TO SUPPRESS FILED* |
| 05/26/2005 | Motion to Dismiss<br>*MOTION TO DISMISS FILED* |
| 05/26/2005 | Motion for Statement of Particulars<br>*MOTION FOR STATEMENT OF PARTICULARS*<br>Amount: 0.00 |
| 05/26/2005 | Motion<br>*MOTION TO STRIKE SURPLUSAGE* |
| 05/26/2005 | Motion to Suppress |

# CASE SUMMARY

## CASE NO. 1999-CF-007826-A-O

*Subpoena Unserved*

06/10/2005 Notice of Hearing
*NOTICE OF HEARING FILED: <MM/DD/YY> @ 06/29/2005 08:30 A.M.*

06/10/2005 Notice for Trial
*NOTICE OF TRIAL RTN:<08/15/2005> 08:30 A.M.*

06/14/2005 Image
*Supplemental State Witness List*

06/14/2005 State's Witness List
*SUPPLEMENTAL STATE WITNESS LIST FILED*
Amount: 0.00

06/28/2005 Subpoena Issued
*SUBP ISSUED* RET: 08/01/2005 (SA) (0017) 08:30a.m.*
Amount: 0.00

06/29/2005 **Hearing** (8:30 AM)
*STATUS*

06/29/2005 Image
*Subpoena List*

06/29/2005 Image
*Minutes/Order*

06/29/2005 In Open Court
*IN OPEN COURT HEARING ON STATUS*

06/29/2005 Appearance of Defendant Entered
*APPEARANCE OF DEFENDANT ENTERED*
Amount: 0.00

06/29/2005 Appearance of Attorney Entered
*APPEAR. OF ATTORNEY ENTERED*

06/29/2005 Court Minutes
*COURT MINUTES FILED*

06/30/2005 Image
*Receipt*

06/30/2005 Image
*Notice of Surrender of Passport*

06/30/2005 Correspondence
*FROM DEFT TO CLERK: SURRENDERED PASSPORT*

06/30/2005 Subpoena Issued
*SUBP ISSUED* RET: 08/15/2005 (SA) (0017) 08:30a.m.*
Amount: 0.00

06/30/2005 Notice
*MR. PAYNE'S NOTICE OF SURRENDER OF PASSPORT*

07/01/2005

| | |
|---|---|
| | *Subpoena Served* |
| 07/07/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Subpoena Served* |
| 07/08/2005 | Image<br>*Criminal Master* |
| 07/18/2005 | Subpoena Issued<br>*SUBP ISSUED* RET: 08/15/2005 (SA) (0001) 08:30a.m.*<br>Amount: 0.00 |
| 07/19/2005 | Image<br>*Subpoena List* |
| 07/26/2005 | Image |

CASE SUMMARY


*Nolle Prosequi*

08/12/2005 Image
*Charges/Costs/Fees*

08/12/2005 Image
*Plea*

08/12/2005 Image
*Name and Address of Victim*

08/12/2005 Fines and Costs Assessed
*FINES AND COSTS ASSESSED CR11 50.00 CR08 50.00 CR05 3.00 CR22 20.00 CR06 2.00 CR18 20.00 C65O 65.00*
Amount: 210.00

08/12/2005 Adjudicated Guilty
*ADJUDICATED GUILTY COUNT 005*

08/12/2005 In Open Court
*IN OPEN COURT PLEA & SENTENCING*

08/12/2005 Appearance of Defendant Entered
*APPEARANCE OF DEFENDANT ENTERED*

08/12/2005 Appearance of Attorney Entered
*APPEAR. OF ATTORNEY ENTERED*

08/12/2005 Plea of Not Guilty Withdrawn
*PLEA OF NOT GUILTY WITHDRAWN*
Amount: 0.00

08/12/2005 Plea of Nolo Contendere Entered
*PLEA OF NOLO CONTENDERE ENTERED TO LIO-ATMPT POSS.OF STOLEN CREDIT CARD(MF)*

08/12/2005 Sent:
*SENT:11MOS OCJ WC TS,CT5-1YR PROB:MAY TERM EARLY AFTER $$ PAID AND NO NEW VIOLATIONS,PAYCC AND $279.28 REST. NOLLE PROS:2-4,6-12*

08/12/2005 Comply with Conditions of Collections Court
*COMPLY W/CONDITION OF COLLECTION COURT*

08/12/2005 Judgment Recorded & Filed
*JUDGEMENT RECORDED AND FILED*
Amount: 0.00

08/12/2005 Notice of Fines and Costs
*NOTICE OF FINES & COSTS*

08/12/2005 Order for Cost, Charges and or Fees
*ORDER FOR COST/CHARGES/FEES*

08/12/2005 Order of Probation
*ORDER OF PROBATION FILED*

08/12/2005 Restitution Order
*RESTITUTION ORDER FILED*
Amount: 0.00

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 10/12/2005 | Image<br>*Correspondence* |
| 10/12/2005 | Image<br>*Correspondence* |
| 10/12/2005 | Image<br>*Petition to Termination Probation* |
| 10/12/2005 | Image<br>*Receipt* |
| 10/12/2005 | Image<br>*Petition to Terminate Probation* |
| 10/12/2005 | Petition or Motion to Terminate Probation<br>*MOTION TO TERMINATE PROBATION FILED AND RETURN OF PROPETY (WITH ATTACHMENTS) PRO SE/REF TO JUDGE* |
| 10/14/2005 | Image<br>*Petition to Termination Probation* |
| 10/21/2005 | Image<br>*Order Setting Hearing* |
| 10/21/2005 | Notice of Hearing<br>*NOTICE OF HEARING FILED <11/04/2005> 08:30 A.M.* |
| 11/04/2005 | **Hearing (8:30 AM)**<br>*MOT FOR TERM OF PROB AND RETURN OF PROPERTY* |
| 11/04/2005 | Image<br>*Minutes/Order* |
| 11/04/2005 | In Open Court<br>*IN OPEN COURT HEARING MOTION FOR TERMINATION OF PROBATION AND RETURN OF PROPERTY* |
| 11/04/2005 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED* |
| 11/04/2005 | Order<br>*ORDER - DEFENSE MOTION TO TERMINATE PROBATION DENIE WITHOUT PREJUDICE* |
| 11/04/2005 | Court Minutes<br>*COURT MINUTES FILED* |
| 11/09/2005 | Image<br>*Correction of Court Files* |
| 11/09/2005 | Per the Court:<br>*CORRECTION OF COURT FILES* |
| 11/18/2005 | |

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 01/20/2006 | Image<br>*Response* |
| 01/20/2006 | Image<br>*Notice* |
| 01/20/2006 | In Open Court<br>*IN OPEN COURT HEARING PETITION TO RETURN PROPERTY AND AMENDED PETITION TO TERMINATE PROBATION* |
| 01/20/2006 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED*<br>Amount: 0.00 |
| 01/20/2006 | Order<br>*L.FREEMAN APPEARED ON BEHALF OF ORLANDO POLICE DEPARTMENT* |
| 01/20/2006 | Order<br>*DEFENSE MOTION TO RETURN PROPERTY-THE COURT RESERVES RULING* |
| 01/20/2006 | Order<br>*LAW ENFORCEMENT ON BEHALF OF ORLANDO POLICE DEPARTMENT ORDERED AND PROVE UP ANY EVIDENCE STILL NEEDED* |
| 01/20/2006 | Order<br>*DEFT PRO SE AMENDED MOTION TO TERMINATE PROBATION IS GRANTED* |
| 01/20/2006 | Court Minutes<br>*COURT MINUTES FILED* |
| 01/20/2006 | Notice of Hearing<br>*NOTICE OF HEARING FILED <02/20/2006> 03:00 P.M.* |
| 01/23/2006 | Image<br>*Response* |
| 01/23/2006 | Order<br>*RESPONSE TO ORLANDO POLICE DEPARTMENT (OPD)* |
| 02/06/2006 | Image<br>*Motion to Strike* |
| 02/06/2006 | Image<br>*Motion for Preclusion to Relitigation of Facts* |
| 02/06/2006 | Image<br>*Motion for Notice of Discovery* |
| 02/06/2006 | Image<br>*Motion for Preclusion to Relitigation of Facts* |
| 02/06/2006 | Image<br>*Motion to Strike* |
| 02/06/2006 | Image<br>*Motion for Statement of Particulars* |

CASE SUMMARY



| | |
|---|---|
| | *2DCA Case Law* |
| 02/17/2006 | Image<br>*3DCA Case Law* |
| 02/17/2006 | Image<br>*5DCA Case Law* |
| 02/17/2006 | Image<br>*3DCA Case Law* |
| 02/17/2006 | Image<br>*2DCA Case Law* |
| 02/17/2006 | Image<br>*2DCA Case Law* |
| 02/17/2006 | Image<br>*3DCA Case Law* |
| 02/17/2006 | Image<br>*3DCA Case Law* |
| 02/17/2006 | Image<br>*1DCA Case Law* |
| 02/17/2006 | Image<br>*5DCA Case Law* |
| 02/17/2006 | Response<br>*OPD SUPPL RESPONSE AND OBJECTION TO PETITION FOR RETURN OF PROPERTY* |
| 02/20/2006 | Hearing (3:00 PM)<br>*HEARING PETITION TO RETURN PROPERTY* |
| 02/20/2006 | Image<br>*Order* |
| 02/20/2006 | Image<br>*Supplemental Response* |
| 02/20/2006 | Image<br>*Order* |
| 02/20/2006 | Notice Returned Unserved<br>*NOTICE RETURNED UNSERVED FILED*<br>Amount: 0.00 |
| 02/20/2006 | In Open Court<br>*IN OPEN COURT HEARING COMPETENCY STATUS* |
| 02/20/2006 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED* |

# CASE SUMMARY
## CASE NO. 1999-CF-007826-A-O

| | |
|---|---|
| 03/03/2006 | Image<br>*Order Accepting Notice of Withdrawal for Motion for Return* |
| 03/03/2006 | Notice<br>*NOTICE OF WITHDRAWAL FOR MOTION FOR RETURN OF PROPERTY* |
| 03/03/2006 | Motion<br>*MOTION TO STRIKE & DEMAND FOR EVIDENTIARY HEARING* |
| 03/03/2006 | Order<br>*ORDER ACCEPTING DEFENDANTS NOTICE OF WITHDRAWAL FOR MOTION FOR RETURN OF PROPERTY* |
| 03/06/2006 | Image<br>*2nd Amended Certificate of Service* |
| 03/06/2006 | Certificate<br>*SECOND AMENDED CERTIFICATE OF SERVICE* |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **Defendant PAYNE, RAYON SHERWIN** | | |
| | Total Charges | | 595.28 |
| | Total Payments and Credits | | 595.28 |
| | **Balance Due as of 04/20/2026** | | **0.00** |
| 12/23/2000 | Charge | Defendant PAYNE, RAYON SHERWIN | 275.01 |
| 12/23/2000 | Charge | Defendant PAYNE, RAYON SHERWIN | 250.00 |
| 12/23/2000 | Charge | Defendant PAYNE, RAYON SHERWIN | 40.00 |
| 12/25/2000 | Adjustment | Defendant PAYNE, RAYON SHERWIN | (275.01) |
| 12/25/2000 | Adjustment | Defendant PAYNE, RAYON SHERWIN | (250.00) |
| 12/25/2000 | Adjustment | Defendant PAYNE, RAYON SHERWIN | (40.00) |
| 12/21/2001 | Charge | Defendant PAYNE, RAYON SHERWIN | 210.00 |
| 12/21/2001 | Adjustment | Defendant PAYNE, RAYON SHERWIN | (210.00) |
| 10/09/2002 | Charge | Defendant PAYNE, RAYON SHERWIN | 52.00 |
| 10/09/2002 | Payment Added forReceipt # G200087626 Conversion Only | Defendant PAYNE, RAYON SHERWIN | (52.00) |
| 11/27/2002 | Charge | Defendant PAYNE, RAYON SHERWIN | 15.00 |
| 11/27/2002 | Payment Added forReceipt # e200054683 Conversion Only | Defendant PAYNE, RAYON SHERWIN | (15.00) |
| 12/02/2002 | Charge | Defendant PAYNE, RAYON SHERWIN | 9.00 |
| 12/02/2002 | Payment Added forReceipt # e100054098 Conversion Only | Defendant PAYNE, RAYON SHERWIN | (9.00) |
| 06/30/2005 | Charge | Defendant PAYNE, RAYON SHERWIN | 5.50 |
| 06/30/2005 | Payment Added forReceipt # 5000283659 Conversion Only | Defendant PAYNE, RAYON SHERWIN | (5.50) |
| 08/12/2005 | Charge | Defendant PAYNE, RAYON SHERWIN | 210.00 |
| 08/12/2005 | Charge | Defendant PAYNE, RAYON SHERWIN | 279.28 |

# Exhibit 2

# CASE SUMMARY
## CASE NO. 2001-CF-006009-A-O

| | |
|---|---|
| 09/06/2001 | Image<br>*Order Setting Disposition/Plea* |
| 09/06/2001 | Image<br>*Minutes/Order* |
| 09/06/2001 | In Open Court<br>*IN OPEN COURT WPNG* |
| 09/06/2001 | Court Minutes<br>*COURT MINUTES FILED* |
| 09/06/2001 | Notice for Pre-Trial<br>*NOTICE FOR PRETRIAL RET: [10/22/2001] 10:30 A.M.* |
| 09/06/2001 | Notice for Trial<br>*NOTICE OF TRIAL RTN:[10/29/2001] 9:30 A.M.* |
| 09/14/2001 | Image<br>*Subpoena List* |
| 09/14/2001 | Subpoena Issued<br>*SUBP ISSUED* RET: 10/29/2001 (SA) (13) 09:30a.m.*<br>Amount: 52.00 |
| 09/26/2001 | Image<br>*Subpoena List* |
| 09/26/2001 | Image<br>*Subpoena List* |
| 09/26/2001 | Subpoena Issued<br>*SUBP ISSUED* RET: 10/29/2001 (SA) (01) 09:30a.m.*<br>Amount: 4.00 |
| 09/27/2001 | Image<br>*Response to Demand for Discovery* |
| 09/27/2001 | Image<br>*Subpoena Served* |
| 09/27/2001 | Image<br>*Subpoena Served* |
| 09/27/2001 | Image<br>*Notice* |
| 09/27/2001 | State's Response<br>*STATE'S RESPONSE TO DEMAND FOR DISCOVERY* |
| 09/27/2001 | Notice<br>*NOTICE (SEX CRIMES/CHILD ABUSE DIVISION)* |
| 10/01/2001 | Image<br>*Amended Witness List* |

# CASE SUMMARY
## CASE NO. 2001-CF-006009-A-O

| | |
|---|---|
| 10/23/2001 | Motion for Continuance<br>*MOTION FOR CONTINUANCE FILED* |
| 10/23/2001 | Motion for Continuance<br>*MOTION FOR CONTINUANCE FILED* |
| 10/29/2001 | **Trial** (9:30 AM)<br>*TRIAL* |
| 10/30/2001 | Image<br>*Subpoena Unserved* |
| 10/31/2001 | Image<br>*Correspondence* |
| 10/31/2001 | Correspondence<br>*CORRESPONDENCE FILED TO JUDGE FROM ATTY* |
| 11/06/2001 | Order for Continuance<br>*ORDER FOR CONTINUANCE FILED GRANTED* |
| 11/09/2001 | Image<br>*Notice* |
| 11/09/2001 | Notice for Pre-Trial<br>*NOTICE FOR PRETRIAL RET: [11/21/2001] 9:00 A.M.* |
| 11/09/2001 | Notice for Trial<br>*NOTICE OF TRIAL RTN:[12/11/2001] 9:00 A.M.* |
| 11/13/2001 | **Pre-Trial Conference** (8:30 PM) |
| 11/20/2001 | Image<br>*Subpoena List* |
| 11/20/2001 | Subpoena Issued<br>*SUBP ISSUED* RET: 12/11/2001 (SA) (14) 09:00a.m.*<br>Amount: 56.00 |
| 11/21/2001 | **Pre-Trial Conference** (9:00 AM) |
| 11/21/2001 | Image<br>*Amended Witness List* |
| 11/21/2001 | State's Witness List<br>*STATE'S WITNESS LIST FILED AMENDED* |
| 11/26/2001 | *CANCELED* **Trial** (9:30 AM)<br>*Cancelled* |
| 12/07/2001 | Image<br>*Subpoena Unserved* |
| 12/11/2001 | **Trial** (9:00 AM) |
| 12/11/2001 | Image |

# CASE SUMMARY

## CASE NO. 2001-CF-006009-A-O

| | |
|---|---|
| 12/19/2001 | Image<br>*Notice of Provision of Supplemental Discovery* |
| 12/19/2001 | State's Witness List<br>*STATE'S WITNESS LIST FILED SUPPL* |
| 12/19/2001 | Notice of Provision of Supplemental Discovery<br>*NOTICE OF PROVISION OF SUPPLEMENTAL DISCOVERY* |
| 12/19/2001 | Notice of Provision of Supplemental Discovery<br>*NOTICE OF PROVISION OF SUPPLEMENTAL DISCOVERY* |
| 12/20/2001 | Image<br>*Recommitment to Custody* |
| 12/20/2001 | Per the Court:<br>*BLANDING BAIL BONDS ENDORSED 12/19/2001* |
| 01/03/2002 | **Arraignment** (8:30 AM)<br>*END.BOND DOA:12/19/01 PTD:3/19/02 TD:4/1/02* |
| 01/29/2002 | Image<br>*Notice of Taking Deposition* |
| 01/29/2002 | Image<br>*Notice of Taking Deposition* |
| 01/29/2002 | Notice of Taking Deposition(s)<br>*NOTICE TAKING DEPO FILED (02-11-02)* |
| 01/30/2002 | Image<br>*Subpoena List* |
| 01/30/2002 | Subpoena Issued<br>*SUBP ISSUED* RET: 04/01/2002 (SA) (16) 09:00a.m.*<br>Amount: 64.00 |
| 02/15/2002 | Image<br>*Notice of Provision of Supplemental Discovery* |
| 02/18/2002 | Image<br>*Notice of Taking Deposition* |
| 02/18/2002 | Notice of Taking Deposition(s)<br>*NOTICE TAKING DEPO FILED 3/12/02* |
| 02/27/2002 | Image<br>*Motion for Reduction/Modification of Bail Bond* |
| 02/27/2002 | Image<br>*Order Granting Motion for Reduction/Modification of Bond* |
| 02/27/2002 | Motion to Reduce, Modify, or Set Bond<br>*MOTION RE BOND (TO REDUCE)* |
| 02/27/2002 | Order |

CASE SUMMARY


| | |
|---|---|
| 03/21/2002 | Image<br>*Order Granting Motion for Travel Permit* |
| 03/21/2002 | Order<br>*ORDER RE: MOTION FOR TRAVEL PERMIT (GRANTED)* |
| 03/22/2002 | Image<br>*Subpoena List* |
| 03/22/2002 | Image<br>*Motion for Travel Permit* |
| 03/22/2002 | Motion<br>*MOTION FOR TRAVEL PERMIT* |
| 03/22/2002 | Subpoena Issued<br>*SUBP ISSUED* RET: 05/20/2002 (SA) (16) 09:00a.m.*<br>Amount: 64.00 |
| 03/28/2002 | Image<br>*Notice of Provision of Supplemental Discovery* |
| 03/28/2002 | Notice of Provision of Supplemental Discovery<br>*NOTICE OF PROVISION OF SUPPLEMENTAL DISCOVERY* |
| 04/01/2002 | *CANCELED* **Trial** (9:00 AM)<br>*Cancelled* |
| 04/01/2002 | Image<br>*Notice of Provision of Supplemental Discovery* |
| 04/01/2002 | Notice of Provision of Supplemental Discovery<br>*NOTICE OF PROVISION OF SUPPLEMENTAL DISCOVERY* |
| 04/04/2002 | Image<br>*6th Notice of Taking Deposition* |
| 04/04/2002 | Notice of Taking Deposition(s)<br>*NOTICE TAKING DEPO FILED (SIXTH NOTIC) 4/16/02* |
| 04/18/2002 | Notice of Taking Deposition(s)<br>*NOTICE TAKING DEPO FILED (AMENDED DEFT'S SIXTH) 05/03/02* |
| 04/22/2002 | Image<br>*7th Notice of Taking Deposition* |
| 04/22/2002 | Notice of Taking Deposition(s)<br>*NOTICE TAKING DEPO FILED (SEVENTH NOTICE) 05/01/02* |
| 05/14/2002 | **Pre-Trial Conference** (9:00 AM) |
| 05/20/2002 | **Trial** (9:00 AM) |
| 06/26/2002 | Image<br>*Notice of Setting/Resetting Hearing* |

CASE SUMMARY



| | |
|---|---|
| 08/26/2002 | Image<br>*Affidavit* |
| 08/26/2002 | Image<br>*Deposition* |
| 08/26/2002 | Image<br>*Deposition* |
| 08/26/2002 | Image<br>*Deposition* |
| 08/26/2002 | Image<br>*Deposition* |
| 08/26/2002 | Image<br>*Notice of Fines and Costs* |
| 08/26/2002 | Image<br>*Deposition* |
| 08/26/2002 | Image<br>*Deposition* |
| 08/26/2002 | Image<br>*Deposition* |
| 08/26/2002 | Image<br>*Notice of Filing* |
| 08/26/2002 | Image<br>*Deposition* |
| 08/26/2002 | In Open Court<br>*IN OPEN COURT TRIAL* |
| 08/26/2002 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED*<br>Amount: 0.00 |
| 08/26/2002 | Appearance of Attorney Entered<br>*APPEAR. OF ATTORNEY ENTERED M DICIEMBRE* |
| 08/26/2002 | Petit Jury Sworn<br>*PETIT JURY SWORN 7* |
| 08/26/2002 | Witness<br>*WITNESS S 2* |
| 08/26/2002 | Exhibit(s)<br>*EXHIBITS S 1* |
| 08/26/2002 | Notice<br>*NOTICE OF FILING 2* |

CASE SUMMARY


| | |
|---|---|
| | Amount: 0.00 |
| 08/27/2002 | Jury<br>*JURY MINUTES** |
| 08/27/2002 | Correspondence<br>*CORRESPONDENCE FILED*<br>Amount: 0.00 |
| 08/27/2002 | Jury<br>*JURY INSTRUCTIONS** |
| 08/27/2002 | Verdict Slips<br>*VERDICT SLIPS FILED*<br>Amount: 0.00 |
| 08/27/2002 | Per the Court:<br>*BOND REVOKED* |
| 08/27/2002 | Court Minutes<br>*COURT MINUTES FILED* |
| 08/28/2002 | Image<br>*Uniform Commitment to Custody* |
| 08/28/2002 | Image<br>*Order Finding Defendant Sexual Predator* |
| 08/28/2002 | Image<br>*Restitution Order* |
| 08/28/2002 | Image<br>*Scoresheet* |
| 08/28/2002 | Image<br>*Sentence* |
| 08/28/2002 | Image<br>*Charges/Costs/Fees* |
| 08/28/2002 | Image<br>*Minutes/Order* |
| 08/28/2002 | Image<br>*Notice of Fines and Costs* |
| 08/28/2002 | Image<br>*Notice that Defendant Qualifies as Sexual Predator* |
| 08/28/2002 | Image<br>*Name and Address of Victim* |
| 08/28/2002 | Image<br>*Verdict Slip* |

# CASE SUMMARY
## CASE NO. 2001-CF-006009-A-O

| | |
|---|---|
| 08/28/2002 | Sentence Guidelines Score Sheet<br>*SENTENCE GUIDLINES SCORE SHEET*<br>Amount: 0.00 |
| 08/28/2002 | Order<br>*ORDER SEX PREDATOR FILED* |
| 08/28/2002 | Per the Court:<br>*SA NOTICE OF SEX PRED. FILED* |
| 08/28/2002 | Court Minutes<br>*COURT MINUTES FILED* |
| 08/30/2002 | Fines and Costs Assessed<br>*FINES AND COSTS ASSESSED CR08 50.00 CR05 3.00 CR06 2.00 CR22 20.00 CR11 200.00 CR17 3.00*<br>Amount: 278.00 |
| 09/05/2002 | Image<br>*Bond Discharged* |
| 09/05/2002 | Bond Discharged<br>*BOND DISCHARGED 75491* |
| 09/06/2002 | Image<br>*Order for Payment* |
| 09/06/2002 | Image<br>*Renewed Motion for Judgment Acquittal* |
| 09/06/2002 | Image<br>*Motion for Payment* |
| 09/06/2002 | Image<br>*Order for Payment* |
| 09/06/2002 | Image<br>*Motion for New Trial* |
| 09/06/2002 | Motion<br>*MOTION FOR NEW TRIAL* |
| 09/06/2002 | Motion<br>*DEF'S RENEWED MOTION FOR JUDGEMENT OF ACQUITTAL* |
| 09/06/2002 | Order re: Payment of Costs<br>*ORDER RE: PAYMENT OF COSTS (AIRLINE) GRANTED* |
| 09/06/2002 | Order re: Travel Expenses<br>*ORDER RE: TRAVEL EXPENSES FILED GRANTED RE:* |
| 09/06/2002 | Motion-Payment of Travel Expenses<br>*MOTION-PAYMENT OF TRAVEL EXPENSES* |
| 09/09/2002 | Image<br>*Motion for Payment* |

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 2001-CF-006009-A-O

| | |
|---|---|
| 09/19/2002 | Motion<br>*MOTION FOR PAYMENT OF HOTEL ACCOMMODATIONS RE:* |
| 09/25/2002 | Image<br>*Order* |
| 09/26/2002 | Image<br>*Correspondence* |
| 09/26/2002 | Image<br>*Notice of Appeal* |
| 09/26/2002 | Image<br>*Notice of Appeal* |
| 09/26/2002 | Notice of Appeal<br>*NOTICE OF APPEAL RECORDED AND FILED* |
| 10/04/2002 | Image<br>*Uniform Commitment to Custody* |
| 10/04/2002 | Uniform Commitment & Receipt<br>*UNIFORM COMMITMENT & RECEIPT FILED* |
| 10/11/2002 | Image<br>*I. Designation* |
| 10/11/2002 | Image<br>*Affidavit in Support of Motion to be Relieved of Costs* |
| 10/11/2002 | Image<br>*Statement of Judicial Acts* |
| 10/11/2002 | Image<br>*Motion to be Relieved of Costs* |
| 10/11/2002 | Image<br>*Directions to the Clerk* |
| 10/11/2002 | Directions to Clerk<br>*DIRECTIONS TO THE CLERK FILED* |
| 10/11/2002 | Designation to Court Reporter<br>*DESIGNATION TO COURT REPORTER*<br>Amount: 0.00 |
| 10/11/2002 | Statement of Judicial Acts<br>*STATEMENT OF JUDICAL ACTS FILED*<br>Amount: 0.00 |
| 10/11/2002 | Motion<br>*MOTION to be relieved of costs and fees/ref judge* |
| 10/14/2002 | Image |

# CASE SUMMARY
## CASE NO. 2001-CF-006009-A-O

03/08/2004 Image
*Praecipe for Subpoena*

03/08/2004 Subpoena Issued
*SUBPOENA ISSUED * RET 3/30/04 (SA)(1) 1:30 PM*

03/08/2004 Praecipe Filed
*PRAECIPE FILED*
Amount: 0.00

03/19/2004 Image
*Notice of Appearance*

03/19/2004 Notice of Appearance
*LIMITED NOTICE OF APPEARANCE FILED-DONALD A.LYKKEBAK*

03/30/2004 **Hearing** (1:30 PM)
*EVIDENTAIRY HRG*

03/30/2004 Image
*Minutes/Order*

03/30/2004 In Open Court
*IN OPEN COURT HEARING EVIDENTAIRY*

03/30/2004 Appearance of Defendant Entered
*APPEARANCE OF DEFENDANT ENTERED*
Amount: 0.00

03/30/2004 Appearance of Attorney Entered
*APPEAR. OF ATTORNEY ENTERED*

03/30/2004 Witness
*WITNESS(DEF)(5)*

03/30/2004 Order
*ORDER DEF TO RETURNED TO DOC*

03/30/2004 Court Minutes
*COURT MINUTES FILED*

04/29/2004 Image
*Order Granting Motion for Post Conviction Relief*

04/29/2004 Image
*Order Granting Motion for Post Conviction Relief*

04/29/2004 Order re: Motion for Post Conviction Relief
*ORDER RE; MO POST CONVICT RELIEF GRANTED*

05/14/2004 **Hearing** (9:00 AM)
*DOC*

05/17/2004 Image
*Notice*

05/17/2004 Image

| | |
|---|---|
| | *Minutes/Order* |
| 05/17/2004 | In Open Court<br>*IN OPEN COURT DETERMINATION OF COUNSEL* |
| 05/17/2004 | Appearance of Defendant Entered<br>*APPEARANCE OF DEFENDANT ENTERED*<br>Amount: 0.00 |
| 05/17/2004 | Reset<br>*RESET* |
| 05/17/2004 | Court Minutes<br>*COURT MINUTES FILED* |
| 05/17/2004 | Determination of Counsel Set<br>*NOTICE DETERM. OF COUNSEL RTN * 06/01/2004 09:00 A.M.*<br>Amount: 0.00 |
| 06/01/2004 | **Arraignment** (9:00 AM) |
| 06/09/2004 | Image<br>*Notice of Appearance* |
| 06/09/2004 | Notice of Appearance<br>*NOTICE OF APPEARANCE FILED/MONIQUE HAUGTON WORRELL* |
| 06/09/2004 | Written Plea of Not Guilty<br>*WRITTEN PLEA OF NOT GUILTY ENTERED* |
| 06/09/2004 | Waiver of Arraignment<br>*WAIVER OF ARRAIGNMENT FILED* |
| 06/09/2004 | Demand for Discovery<br>*DEMAND FOR DISCOVERY FILED*<br>Amount: 0.00 |
| 07/15/2004 | Image<br>*Notice of Appearance* |
| 07/15/2004 | Notice of Appearance<br>*NOTICE OF APPEARANCE FILED-TERRENCE E.KEHOE* |
| 08/13/2004 | Notice of Hearing<br>*NOTICE OF HEARING FILED: <08/13/04> @ 9AM* |
| 08/27/2004 | Image<br>*Order Setting Disposition/Plea* |
| 08/27/2004 | Image<br>*Notice* |
| 08/27/2004 | Image<br>*Minutes/Order* |
| 08/27/2004 | In Open Court<br>*IN OPEN COURT HEARING STATUS* |

| | |
|---|---|
| | *Subpoena Served* |
| 09/22/2004 | Image<br>*Subpoena Unserved* |
| 09/23/2004 | Image<br>*Subpoena Unserved* |
| 09/28/2004 | Image<br>*Subpoena Served* |
| 09/29/2004 | Image<br>*Amended Witness List* |
| 09/29/2004 | Per the Court:<br>*AMENDED STATE WITNESS LIST*<br>Amount: 0.00 |
| 10/04/2004 | Image<br>*Subpoena Served* |
| 10/05/2004 | Image<br>*Notice of Provision of Supplemental Discovery* |
| 10/05/2004 | Image<br>*Amended Witness List* |
| 10/05/2004 | Notice of Provision of Supplemental Discovery<br>*NOTICE OF PROVISION OF SUPPLEMENTAL DISCOVERY*<br>Amount: 0.00 |
| 10/05/2004 | State's Witness List<br>*AMENDED STATE WITNESS LIST FILED*<br>Amount: 0.00 |
| 10/07/2004 | Image<br>*Notice of Provision of Supplemental Discovery* |
| 10/07/2004 | Notice of Provision of Supplemental Discovery<br>*NOTICE OF PROVISION OF SUPPLEMENTAL DISCOVERY* |
| 10/08/2004 | Image<br>*Subpoena List* |
| 10/08/2004 | Image<br>*Subpoena List* |
| 10/08/2004 | Image<br>*Subpoena Unserved* |
| 10/20/2004 | Image<br>*Subpoena Unserved* |
| 12/07/2004 | Image |

# CASE SUMMARY
## CASE NO. 2001-CF-006009-A-O

| | |
|---|---|
| | Image<br>*Subpoena Served* |
| 01/19/2005 | Image<br>*Subpoena Unserved* |
| 01/26/2005 | **Pre-Trial Conference** (9:00 AM) |
| 01/26/2005 | Image<br>*Minutes/Order* |
| 01/26/2005 | Image<br>*Order Setting Disposition/Plea* |
| 01/26/2005 | In Open Court<br>*IN OPEN COURT PRETRIAL* |
| 01/26/2005 | Counsel Only Appeared<br>*COUNSEL ONLY APPEARED* |
| 01/26/2005 | Defense Motion to Continue<br>*DEFENSE MOTION TO CONTINUE* |
| 01/26/2005 | Notice for Trial<br>*NOTICE OF TRIAL RTN:<02/21/2005> 09:30 A.M.* |
| 01/28/2005 | Image<br>*Subpoena List* |
| 01/28/2005 | Image<br>*Subpoena Served* |
| 01/28/2005 | Image<br>*Subpoena Served* |
| 01/31/2005 | Image<br>*Subpoena Unserved* |
| 01/31/2005 | Image<br>*Subpoena Unserved* |
| 02/07/2005 | *CANCELED* **Trial** (9:00 AM)<br>*Cancelled* |
| 02/08/2005 | Image<br>*Motion to Set Reasonable Bond* |
| 02/08/2005 | Motion to Set Bond<br>*MOTION TO SET BOND IS FILED*<br>Amount: 0.00 |
| 02/10/2005 | Image<br>*Subpoena Unserved* |
| 02/14/2005 | Subpoena Issued |

# CASE SUMMARY
## CASE NO. 2001-CF-006009-A-O

02/18/2005 Court Minutes
*COURT MINUTES FILED*

02/18/2005 Motion
*MOTION TO DISMISS BASED ON FAILURE TO PRESERVE EVIDENCE*

02/21/2005 **Trial (9:30 AM)**

02/21/2005 Image
*Subpoena Unserved*

02/21/2005 Image
*Subpoena Unserved*

02/21/2005 Image
*Subpoena Unserved*

02/21/2005 Image
*Subpoena Unserved*

02/21/2005 Subpoena Issued
*SUBP ISSUED* RET: 04/05/2005 (SA) (0017) 09:30a.m.*
Amount: 0.00

02/21/2005 Subpoena Issued
*SUBP ISSUED* RET: 03/04/2005 (SA) (0001) 11:00a.m.*
Amount: 0.00

02/22/2005 Image
*Subpoena List*

02/22/2005 Image
*Subpoena List*

02/24/2005 Image
*Subpoena Unserved*

02/25/2005 Image
*Subpoena Served*

02/25/2005 Image
*Subpoena Unserved*

02/25/2005 Image
*Subpoena Served*

02/25/2005 Image
*Subpoena Served*

02/25/2005 Image
*Subpoena Served*

02/25/2005 Image

# CASE SUMMARY

## CASE NO. 2001-CF-006009-A-O

| | |
|---|---|
| | Image<br>*Subpoena Served* |
| 03/09/2005 | Image<br>*Subpoena Served* |
| 03/15/2005 | Image<br>*Subpoena Unserved* |
| 03/15/2005 | Image<br>*Subpoena Unserved* |
| 03/18/2005 | Image<br>*Subpoena Unserved* |
| 04/04/2005 | Image<br>*Nolle Prosequi* |
| 04/04/2005 | Nolle Prosequi<br>*NOLLE PROSEQUI COUNT 001* |
| 04/13/2005 | Image<br>*Correspondence* |
| 04/13/2005 | Image<br>*Bond Discharged* |
| 04/13/2005 | Bond Discharged<br>*CLOSED BOND DISCHARGED #100-4191* |
| 04/21/2005 | Correspondence<br>*CORRESPONDENCE FILED FROM TERRENCE E. KEHOE, ESQ. DATED 4/13/05* |
| 04/22/2005 | Image<br>*Returned Mail* |
| 04/29/2005 | Image<br>*Returned Mail* |
| 06/23/2005 | Bond Discharge Slip Returned to Sender<br>*BOND DISCHARGE SLIP RETURNED TO SENDER #100-4191* |
| 06/24/2005 | Bond Discharge Slip Returned to Sender<br>*BOND DISCHARGE SLIP RETURNED TO SENDER* |
| 07/12/2005 | Image<br>*Correspondence* |
| 07/12/2005 | Correspondence<br>*CORRESPONDENCE FILED FROM OC CORRECTIONS PRETRIAL SERVICES UNIT RE: DEFT NOT BEING RELEASED TO HCR DUE TO A NO BOND HOLD FOR IMMIGRATION* |
| 10/20/2021 | Disposal Listing |

CASE SUMMARY

# CASE SUMMARY

## CASE NO. 2001-CF-006009-A-O

| | |
|---|---|
| 09/15/2025 | Motion |
| 09/26/2025 | Correspondence |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **Defendant** PAYNE, RAYON S | | |
| | Total Charges | | 105.00 |
| | Total Payments and Credits | | 105.00 |
| | **Balance Due as of 04/20/2026** | | **0.00** |
| 08/30/2002 | Charge | Defendant PAYNE, RAYON S | 278.00 |
| 09/25/2002 | Charge | Defendant PAYNE, RAYON S | 20.00 |
| 09/25/2002 | Charge | Defendant PAYNE, RAYON S | 5.00 |
| 09/25/2002 | Adjustment | Defendant PAYNE, RAYON S | (20.00) |
| 01/22/2003 | Adjustment | Defendant PAYNE, RAYON S | (5.00) |
| 02/05/2003 | Charge | Defendant PAYNE, RAYON S | 1.00 |
| 02/05/2003 | Payment Added forReceipt # 5000060074 Conversion Only | Defendant PAYNE, RAYON S | (1.00) |
| 07/22/2003 | Charge | Defendant PAYNE, RAYON S | 9.00 |
| 07/22/2003 | Payment Added forReceipt # 5000102792 Conversion Only | Defendant PAYNE, RAYON S | (9.00) |
| 08/15/2003 | Adjustment | Defendant PAYNE, RAYON S | (278.00) |
| 11/05/2004 | Charge | Defendant PAYNE, RAYON S | 20.00 |
| 11/05/2004 | Payment Added forReceipt # 5000223450 Conversion Only | Defendant PAYNE, RAYON S | (20.00) |
| 12/01/2004 | Charge | Defendant PAYNE, RAYON S | 20.00 |
| 12/01/2004 | Payment Added forReceipt # 5000229001 Conversion Only | Defendant PAYNE, RAYON S | (20.00) |
| 12/22/2004 | Charge | Defendant PAYNE, RAYON S | 12.00 |
| 12/22/2004 | Payment Added forReceipt # 5000234488 Conversion Only | Defendant PAYNE, RAYON S | (12.00) |
| 12/22/2004 | Payment Added forReceipt # 5000234489 Conversion Only | Defendant PAYNE, RAYON S | (12.00) |
| 12/22/2004 | Void | Defendant PAYNE, RAYON S | 12.00 |
| 01/27/2005 | Charge | Defendant PAYNE, RAYON S | 12.00 |
| 01/27/2005 | Payment Added forReceipt # 5000242724 Conversion Only | Defendant PAYNE, RAYON S | (12.00) |
| 02/17/2005 | Charge | Defendant PAYNE, RAYON S | 6.00 |
| 02/17/2005 | Payment Added forReceipt # 5000248292 Conversion Only | Defendant PAYNE, RAYON S | (6.00) |
| 02/18/2005 | Charge | Defendant PAYNE, RAYON S | 15.00 |
| 02/18/2005 | Payment Added forReceipt # 5000248927 Conversion Only | Defendant PAYNE, RAYON S | (15.00) |
| 04/11/2005 | Charge | Defendant PAYNE, RAYON S | 10.00 |
| 04/11/2005 | Payment Added forReceipt # 5000262088 Conversion Only | Defendant PAYNE, RAYON S | (10.00) |

State of Florida, County of Orange:
I hereby certify that the foregoing is a true and correct copy of the instrument filed in this office.
Confidential or sealed items, if any, have been removed per Fla.R.Jud.Admin. 2.420.
Witness my hand and official seal this ____ day of April 20__
Tiffany Moore Russell, Clerk of the Circuit Court
By: ______________________ Deputy Clerk

# ATTACHED (3)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
KROME IMMIGRATION COURT MIAMI, FL

IN THE MATTER OF;
RAYON SHERWIN PAYNE
A-041-189-506
RESPONDENT.

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
SEP 22 2026
RECEIVED

# RENEWED MOTION FOR BOND

COMES NOW RAYON SHERWIN PAYNE, RESPONDENT IN THE ABOVE CAUSE, FILE THIS MOTION FOR BOND, AND STATES THE FOLLOWING;

(1) ON MARCH 24, 2026, RESPONDENT APPEARED SEEKING A BOND AND AT THE TIME THE GOVERNMENT OBJECTED BY FILING TWO PRIOR CONVICTIONS WHICH WAS OVERTURNED 20 YEARS AGO. THE GOVERNMENT STATED THAT RESPONDENT HAD THE BURDEN TO SHOW HE WAS ENTITLED TO A BOND, THE COURT STATED "THAT WAS FARE," I WILL NOT GRANT BOND OR DENY BOND, AND RESET THE CASE FOR MAY 4, 2026.

(2) AT THE MAY 4, 2026, HEARING THE COURT DID NOT ADDRESS BOND BUT RATHER THE CHARGES FILED IN THE GOVERNMENT'S "NOTICE TO APPEAR" (A) 1999 CREDIT CARD FRAUD CONVICTION, AND (B) FALES CLAIM TO UNITED STATES CITIZENSHIP.

(3) THE GOVERNMENT LATER CONCEADED THAT RESPONDENT'S 1999 CREDIT CARD CONVICTION WAS OVERTURNED YEARS AGO AND THAT HE HAD NO FELONY CONVICTIONS, AND COURT DISSMISS THAT CHARGE. THE ONLY REMAINING CHARGE IS RESPONDENT'S "FALES CLAIM TO UNITED STATES CITIZENSHIP" WHICH THE COURT SUSTAINED. THE COURT SAID THAT RESPONDENT CAN GET A CANCEALATION OF REMOVAL 42A, AND THE COURT WILL SEND THE FORM.

(4) RESPONDENT HAS FILED HIS MOTION FOR RECONSIDERATION AND TERMINATION OF PROCEEDINGS REGRADING THE FALES CLAIM TO CITIZESHIP, CHALLENGING THE COURT RULING SUSTAINING THAT CHARGE.

(5) IN THE EVENT THE COURT DENY THE MOTION FOR RECONSIDERATION AND TERMINATION OF PROCEEDINGS, RESPONDENT WILL APPEAL AND ASK THAT THE COURT SET BOND IN THIS CASE.

(6) RESPONDENT HAS NEVER HAD A FALLURE TO APPEAR, AND SINCE HIS CONVICTIONS WERE OVERTURNED 20 YEARS AGO HE HAS NOT HAD ANY LEGAL PROBLEM EXCEPT FOR THE CURRENT CASE.

(7) LASTLY RESPONDENT WOULD POINT OUT THAT THE GOVERNMENT ARRESTED AND DETAINED HIM ON A CHARGE THAT WAS OVERTURNED WHICH THEY THEMSELVES HAS CONCEAD WAS OVERTURNED. THAT ACTION BY THE GOVERMENT VIOLATED THE RESPONDENT'S CONSTITUTIONAL RIGHTS, AND MOST IMPORTANTLY FORCED RESPONDENT INTO FINCIOAL HARDSHIP AS A RESULT.

WHERFORE RESPONDENT REST THE COURT SET BOND IN THIS CASE, AND RELEASE RESPONDENT ON "ROR" OR SET BOND REASONABLE FOR RESPONDENT CAN PAY.

DATE: 5/14/2026

RESPECTFULLY

RAYON. S. PAYNE.

CERTIFICATE OF SERVICE

I HEREBY CERIFIED THAT A TRUE AND CORRECT COPY OF THIS MOTION WAS SERVERED ON ALL PARTIES VIA U.S. MAIL ON 5/14/2026.

OFFICE OF CHIEF COUNSEL (DHS)
18201 SW 12th ST.
MIAMI, FL 33194

Respectfully

RAYON S. PAYNE

RAYON PAYNE #041-189-506
Krome
18201 SW 12th St
Miami FL 33194

U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
US POSTAGE
$014.10
USPS Ground Advantage - IM
OMAS ZIP 33194
09/08/2026
036B 0011830653

U.S. Court of Appeal
Attn: Clerk of Court.
333 Constitution AV N.W
Washington D.C. 20001