**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**RAYON SHERWIN PAYNE,**
*Appellant,*

**V. Case No. 26-5126**
*(Related Case Nos. 25-5349 & 25-5355)*

**DEPARTMENT OF HOMELAND SECURITY,**
*Appellee.*

# APPELLANT'S EMERGENCY MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF NON-SERVICE, CROSS-JURISDICTIONAL DUE PROCESS VIOLATIONS, AND INTENT TO FILE FOR CERTIORARI BEFORE JUDGMENT

Appellant Rayon Sherwin Payne respectfully moves this Court for an **Emergency Order staying all proceedings, briefing schedules, and rulings** in this docket—specifically including the pending October 29, 2026 deadline to respond to Appellee's Motion for Summary Affirmance.

Good cause and extraordinary circumstances exist because Appellant is currently a detained pro se litigant who has been denied basic notice, statutory transparency, and an impartial appellate forum through a coordinated, cross-jurisdictional due process collapse written "in black and white" across the public dockets.

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

OCT 27 2026

RECEIVED

## I. THE IMMEDIATE PROCEDURAL HURDLE: TOTAL LACK OF SERVICE

This Court has directed Appellant to file a response by October 29, 2026, demonstrating why Appellee's Motion for Summary Affirmance should not be granted. However, Appellant cannot legally or factually respond to a motion he has never received.

Appellee Department of Homeland Security (DHS) has completely failed to serve Appellant with its motion or any supporting pleadings, despite actively holding him in its physical custody within a secure immigration detention facility. Forcing a detained pro se litigant to defend against a dispositive, case-ending motion while keeping him completely blind violates Federal Rule of Appellate Procedure 25 and basic principles of constitutional fundamental fairness.

## II. SYSTEMIC SUPPRESSION OF THE IMMIGRATION FILE UNDER *DENT V. HOLDER*

This total lack of service in the appellate arena mirrors the bad-faith tactics Appellee is employing in Appellant's concurrent immigration removal

proceedings. Under the governing rule of ***Dent v. Holder*, 627 F.3d 365 (9th Cir.)**, a respondent in immigration proceedings has a due process right to receive their complete immigration file (A-File) to adequately defend against deportation.

Appellee has deliberately suppressed these vital records. This suppression directly targets the foundation of Appellant's detention and removal: United States Citizenship and Immigration Services (USCIS) denied Appellant's N-400 Naturalization application by explicitly relying on a felony conviction that has been **officially overturned**. Appellee has already been forced to admit the invalidity of this conviction on the public record in the related review proceeding, ***Payne v. DHS*, Southern District of Florida Case No. 1:26-cv-24567**. Appellant is actively challenging the constitutionality of his resulting detention via a pending Petition for Writ of Habeas Corpus in ***Payne v. DHS*, Southern District of Florida Case No. 1:26-cv-23021**. The instant Freedom of Information Act (FOIA) appeal is Appellant's sole remaining procedural vehicle to compel the release of the records being used to unlawfully deport him.

## III. NOTICE OF INTENT TO ESCALATE VIA SUPREME COURT RULE 11

A stay is further required because this Court's own internal panels have engineered an unconstitutional "Catch-22" that prevents any meaningful review of these agency abuses on the merits. Appellant is actively preparing a **Petition for Writ of Certiorari Before Judgment** to the Supreme Court of the United States pursuant to **28 U.S.C. § 1254(1)** and **Supreme Court Rule 11** to strip this Court of jurisdiction.

The D.C. Circuit's procedural machinery has fundamentally broken down through overlapping panel assignments:

1. In **Case No. 25-5349** (January 29, 2026), a panel concurrently including **Judge Justin R. Walker and Judge J. Michelle Childs** denied Appellant's Writ of Mandamus, holding that extraordinary relief was improper because standard appellate avenues existed.

2. In **Case No. 25-5355** (April 30, 2026), the **exact same judges** turned around and denied Appellant's standard Rule 60(b) appeal, explicitly holding that the district court's actions could *only* be challenged via a Writ of Mandamus.

This circular trap ensures that neither the standard appeal nor the extraordinary writ can ever reach the merits. Because this Court is structurally

paralyzed by its own contradictory mandates, and because Appellant has formally requested the mandatory recusal of Judges Walker and Childs in those companion dockets, this case must be frozen until the Supreme Court of the United States addresses this cross-jurisdictional due process collapse.

## CONCLUSION & RELIEF SOUGHT

To prevent an irreversible miscarriage of justice, Appellant respectfully requests that this Court:

1. **Stay all proceedings and briefing schedules** in Case No. 26-5126 immediately, completely tolling the October 29, 2026 response deadline.
2. **Order Appellee DHS to physically serve** Appellant in his detention facility with a complete copy of its Motion for Summary Affirmance and all attached exhibits, providing a new, extended 45-day response window to run only *after* proof of actual service is recorded on the docket.
3. Maintain this stay until the Supreme Court of the United States disposes of Appellant's forthcoming Petition for Writ of Certiorari Before Judgment.

Dated: October 22, 2026

Respectfully submitted,

**/s/ Rayon Sherwin Payne**
*Pro Se Appellant*
A-041-189-506
Krome Processing Center
18201 SW 12th St
Miami, FL 33194
Email: RSPLegalDoc@Gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I served a true and correct copy of the foregoing Emergency Motion to Stay via the court's CM/ECF system (or via First-Class Mail, postage prepaid) upon all counsel of record for the Appellee.

**/s/ Rayon Sherwin Payne**
*Pro Se Appellant*